# EXHIBIT A



*14080828*

1  HOFFMAN EMPLOYMENT LAWYERS
   MICHAEL HOFFMAN (SBN 154481)
2  mhoffman@employment-lawyers.com
   LEONARD EMMA (SBN 224483)
3  lemma@employment-lawyers.com
   STEPHEN NOEL ILG (SBN 275599)
4  silg@employment-lawyers.com
   580 California Street, Suite 1600
5  San Francisco, CA 94104
6  Tel:   (415) 362-1111
   Fax:   (415) 362-1112
7

8  Attorneys for Plaintiff SHAON ROBINSON

9

**FILED**
ALAMEDA COUNTY

OCT 2 6 2015

CLERK OF THE SUPERIOR COURT

_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| SHAON ROBINSON, on behalf of himself, all others similarly situated, and the general public, | Case No. RG 1 5 7 9 1 0 1 8 |
| | **CLASS ACTION** |
| Plaintiff, | 1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED;** |
| vs. | 2. **FAILURE TO PAY OVERTIME WAGES;** |
| | 3. **FAILURE TO PROVIDE MEAL AND REST PERIODS;** |
| THE CHEFS' WAREHOUSE, INC., a Delaware corporation, and DOES 1 through 100, inclusive, | 4. **FAILURE TO MAINTAIN ACCURATE RECORDS;** |
| | 5. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS;** |
| Defendants. | 6. **FAILURE TO PAY FINAL WAGES ON TIME;** |
| | 7. **FAILURE TO REIMBURSE EXPENSES;** |
| | 8. **FAILURE TO PAY MINIMUM WAGE;** |
| | 9. **DISABILITY DISCRIMINATION AND HARASSMENT;** |
| | 10. **FAILURE TO PROVIDE REASONABLE; ACCOMMODATION;** |
| | 11. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS;** |
| | 12. **RACE DISCRIMINATION AND HARASSMENT;** |
| | 13. **FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT; and** |
| | 14. **UNFAIR BUSINESS PRACTICES.** |
| | **JURY TRIAL DEMANDED** |

BY FAX

-1-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1   Plaintiff SHAON ROBINSON ("Plaintiff" and/or "Mr. ROBINSON"), on behalf of

2   himself and all others similarly situated, brings this complaint against his former employers,

3   Defendant THE CHEFS' WAREHOUSE, INC. ("CHEFS' WAREHOUSE") and DOES 1-100,

4   inclusive ("Doe Defendants") (collectively "Defendants"), and hereby demands a jury trial on

5   all causes of action.  Plaintiff's allegations are as follows:

6   **PLAINTIFF**

7   1.   At all times material herein, Plaintiff was and is a competent adult and resident of

8   the State of California, Contra Costa County.  Plaintiff began working for Defendants as a Driver

9   in April 2011 and was promoted to Driver Trainer and Dispatcher.  While working for Defendants,

10  Plaintiff's job duties included but were not limited to: driving to deliver inventory, training

11  drivers, and coordinating deliveries.

12  **DEFENDANTS**

13  2.   At all times material herein, Defendant CHEFS' WAREHOUSE was and is a

14  Delaware corporation registered to do business in the State of California, including but not limited

15  to conducting business within Alameda County, with its corporate headquarters located in

16  Ridgefield, Connecticut.  Defendant CHEFS' WAREHOUSE is specialty food distribution

17  industry.  On information and belief, Defendant CHEFS' WAREHOUSEis a specialty food

18  distributor that sources products for high-end chefs across the United States and Canada. It serves

19  restaurants, hotels, caterers and gourmet stores in North America. At all relevant times alleged

20  herein, Plaintiff is informed and believes that Defendants were and are authorized to and do

21  conduct business in the State of California in the specialty food distribution industry, including

22  but not necessarily limited to conducting business in Hayward, California.

23  3.   The defendants identified as DOES 1 through 100, inclusive, were, at all times

24  herein-mentioned, agent, business affiliates, successors- and/or predecessors-in-interest, officers,

25  directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff

26  is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the

27  defendants identified as DOES 1 through 100, inclusive, employed, and/or exercised control over

28  the wages, hours, and/or working conditions of Plaintiff and Class Members at various California

-2-

locations, as identified in the preceding paragraph. In doing the acts herein alleged, each Defendant is liable and responsible to Plaintiff and Class Members for the acts of every other Defendant. The true names and capacities of the Doe Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such Doe Defendants by fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff is informed and believes that the Doe Defendants are residents of the State of California. Plaintiff will amend this complaint to show such Doe Defendants' true names and capacities when they are known.

4.      Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each Defendant was the agent and/or employee of every other Defendant within the course and scope of said agency and/or employment, with the knowledge and/or consent of said Defendant.

5.      Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, Defendants conducted business within the specialty food distribution industry. In so doing, Defendants have employed hundreds, if not thousands, of individuals in recent years alone as Drivers, Driver Trainers, and Dispatchers, non-overtime-exempt employees who are entitled to, *inter alia*, timely payment for all hours worked at their regular rate of pay or at the overtime rate, reimbursement for all business expenses, meal and rest periods, and accurate timekeeping and payroll documents.

6.      Defendants employ Drivers, Driver Trainers, and Dispatchers to transport inventory, train drivers, and coordinate deliveries, respectively.

## JURISDICTION AND VENUE

7.      This Court is the proper Court, and this action is properly filed in the County of Alameda, because Defendant CHEFS' WAREHOUSE transacts business within this county at Hayward. Plaintiff and Class Members performed work for Defendants and experienced the legal violations that are the subject of this Complaint in Alameda County.

8.      This Court has jurisdiction over the Plaintiff's and Class Members' claims for unpaid wages, interest thereon, related penalties, injunctive and other equitable relief,  and attorneys' fees and costs pursuant to, inter alia., the applicable California Industrial Welfare

-3-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  Commission, Wage Order, Title 8 of the California Code of Regulations, Labor Code §§ 202,

2  203, 226, 226.7, 510, 512, 558, 1194, 1197, 1198, 2698-2699, et seq., 2802 and/or California

3  Code of Civil Procedure § 1021.5.

4          9.      This Court also has jurisdiction over the Representative Plaintiff's and Class

5  Members' claims for injunctive relief and restitution of ill-gotten benefits arising from

6  Defendants' unlawful, unfair, and/or fraudulent business practices under California Business and

7  Professions Code §§ 17200-17208.

8                      **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9          10.     Defendants regularly and systematically do business in the State of California and

10  is subject to suit under the Fair Employment and Housing Act ("FEHA") in that Defendants

11  regularly employ five or more persons.

12         11.     Plaintiff timely filed a charge of discrimination, failure to investigate

13  discrimination and retaliation against Defendant with the California Department of Fair

14  Employment and Housing ("DFEH"), on October 26, 2015 and received a notice of right to sue

15  from the DFEH pursuant to California Government Code §12965(b) on October 26, 2015.

16  Plaintiff filed this action within one year of the date of his DFEH right-to-sue letter and has

17  therefore properly exhausted administrative remedies.

18         12.     Plaintiff has satisfied all private, administrative and judicial prerequisites to the

19  institution of this action.

20         13.     The California Workers' Compensation Act does not preempt this action because

21  Defendants' failure to pay all wages, failure to provide meal and rest periods, or unlawful

22  discrimination are not risks or conditions of employment. Plaintiff is not required to satisfy any

23  further private, administrative, or judicial prerequisites to the institution of this action, insofar as

24  such prerequisites pertain to any of the remaining causes of action in this complaint.

25         14.     Plaintiff will satisfy all administrative requirements then amend to add a claim

26  pursuant to the Private Attorney General's Act, California Labor Code section 2698 *et seq.*

27            **FACTS COMMON TO PLAINTIFF'S CLASS ACTION CAUSES OF ACTION**

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-4-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

15.     All policies and practices described herein were in place at all of Defendants' business locations in California.  As such, all members of the classes were subject to these same policies in violation of California law. Plaintiff is informed and believes that Defendants knowingly failed to pay all wages, failed to provide meal and rest periods, failed to maintain and provide accurate time and payroll records, failed to reimburse for necessary business expenses, and failed to pay final wages to Class Members whose employment has ended, thereby enjoying a significant competitive edge over other companies within its industry. In many, if not all cases, this common practice has led to willful violations of California's minimum wage laws, entitling Plaintiff and Class Members to a recovery, pursuant to, *inter alia*, the California Labor Code. Even after Class Members were terminated or voluntarily resigned, Defendants refused to pay owed wages despite California Labor Code §§ 201-204, inclusive. More than 30 days has passed since certain Class Members have left Defendants' employ, entitling those Class Members to the maximum penalties.

16.     Defendant's management asked Class Members to make timecards appear compliant with meal and rest period rules. Although on some occasions, management asked Class Members to confirm the accuracy of timecards, management did not do this during periods when employees were particularly busy, which was when the most frequent violations of meal break, rest break, and unpaid hours laws occurred.

17.     Plaintiff and Class Members were not paid for overtime hours despite routinely and consistently working more than 8 hours per day and 40 hours per week.

18.     Plaintiff and Class Members were not consistently authorized or permitted to take meal and rest breaks as required by California law.  Pursuant to California law, an employee is entitled to one ten-minute rest period if required to work at least three and one-half hours, two ten-minute rest periods if required to work more than six hours, and three ten-minute rest periods if required to work more than ten hours. Pursuant to California law, an employee is entitled to one thirty-minute meal period if required to work at least five hours and two thirty-minute meal periods if required to work at least ten hours. Defendants did not consistently provide the meal and rest periods to which Plaintiff and Class Members were entitled because business needs took

-5-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1 precedence, routinely interfering with their breaks. If Plaintiff or Class Members failed to address

2 business needs at any time, including during breaks, they were subject to discipline, up to and

3 including termination. Despite these policies and practices, Plaintiff alleges on information and

4 belief that Defendants have not paid missed meal or rest period premiums to Plaintiff or Class

5 Members.

6      19.    Defendants also failed to provide Plaintiff and Class Members with accurate

7 semimonthly itemized statements of the total number of hours worked by each, and all applicable

8 hourly rates in effect during each pay period, in violation of California Labor Code § 226 and/or

9 1174(d). In doing so, Defendants have not only failed to pay their workers the full amount of

10 compensation due, they have, until now, effectively shielded themselves from their employees'

11 scrutiny for their unlawful conduct by concealing the magnitude (e.g., the full number of hours

12 worked) and financial impact of their wrongdoing.

13      20.    Moreover, Defendants' policies required Plaintiff and Class Members to incur

14 business expenses related to the operations of Defendants but did not reimburse employees for all

15 business expenses.

16      21.    In sum, Defendants failed to maintain time records accurately setting forth the

17 number of hours actually worked by Plaintiff and Class Members. Defendants failed to issue

18 wage statements accounting for the number of hours actually worked by Plaintiff and Class

19 Members. Defendants failed to pay minimum wage for all hours worked, failed to pay overtime

20 wages, and failed to pay all wages earned to Plaintiff and Class Members. Defendants failed to

21 provide meal and rest periods and failed to make premium payments to Plaintiff and Class

22 Members for missed meal and rest breaks. Defendants also failed to timely pay all wages owing

23 to Class Members whose employment has ended.

24      22.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

25 herein, Plaintiff and Class Members have sustained damages, as described above, including loss

26 of earnings for hours worked on behalf of Defendants, in an amount to be established at trial. As

27 a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff

28 and Class Members are entitled to recover penalties/wages for failure to pay wages owed upon

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

1  termination (pursuant to California Labor Code §§ 201-204 and 227.3), for failure to provide

2  semimonthly itemized wage statements of hours worked and all applicable hourly rates (pursuant

3  to California Labor Code § 226 and/or 1174) in an amount to be established at trial. As a further

4  direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and

5  Class Members are also entitled to recover attorneys' fees, litigation costs, and restitution of ill-

6  gotten gains, pursuant to statute.

7

8  ## CALIFORNIA CLASS ACTION ALLEGATIONS

9      23.    Plaintiff brings this action on behalf of himself and as a class action on behalf of

10  the following "Chefs' Warehouse Class" and Subclass:

11      *All persons employed by Defendant The Chefs' Warehouse, Inc. in the State of*

12  *California as a Driver, Driver Trainer, or Dispatcher at any time on or after October 26, 2011.*

13      Terminated Subclass: *All persons who are eligible for membership in the*

14  *"Chefs' Warehouse Class" who are no longer employed by THE CHEFS' WAREHOUSE, INC..*

15      24.    Defendants and their officers and directors are excluded from any class defined in

16  the preceding paragraphs.

17      25.    This action has been brought and may properly be maintained as a class action

18  under California Code of Civil Procedure § 382 because there is a well-defined community of

19  interest in the litigation and the proposed Classes are easily ascertainable. The class and subclass

20  defined herein satisfy all class action requirements:

21      a.    Numerosity: A class action is the only available method for the fair and

22  efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not

23  impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds,

24  if not thousands of individuals. Membership in the Classes will be determined by and upon analysis of employee and payroll records, among

25  other records maintained by Defendants.

26      b.    Commonality: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law

27  which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-7-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1)   Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code §§ 17200 *et seq.* by failing to pay all wages due to Plaintiff and Class Members;

2)   Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code §§ 17200 et seq. by failing to pay overtime wages due to Plaintiff and Class Members;

3)   Whether Defendants violated California Labor Code §§ 400-410 and/or § 2802 by requiring Plaintiff and Class Members to pay all or a portion of the normal business expenses of Defendants;

4)   Whether Defendants violated and/or continues to violate, California Labor Code § 1174 by failing to keep accurate records of Plaintiff's and Class Members' hours of work;

5)   Whether Defendants violated, and continues to violate California Labor Code §§ 201-204 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendants terminated;

6)   Whether Defendants violated and/or continues to violate California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Plaintiff and Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period; and

7)   Whether Defendants violated and/or continues to violate California Labor Code § 1194 by failing to pay minimum wage.

c.   Typicality: Plaintiff's claims are typical of the claims of the Plaintiff Classes. Plaintiff and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state law, as alleged herein.

d.   Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.   Adequacy of Representation: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of the Plaintiff Classes and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

-8-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

26.     This action is appropriate and practical as a class action because the prosecution of individual actions for each Class Member would likely result in inconsistent and varying rulings that could and likely would impede the interests of other Class Members in protecting their rights, as well as potentially establishing incompatible patterns of conduct for Defendants

## FACTS OF PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION

27.     In August 2011, Plaintiff Shaon Robinson, was hired by Defendant The Chef's Warehouse, Inc. ("Chef's Warehouse") as a driver.  Mr. Robinson, an African American male, worked his way up from being a driver to a highly skilled driver's trainer and dispatcher through hard work and diligence.  During his career Mr. Robinson was a valued member of the staff at Chef's Warehouse and received positive reviews after joining the staff. At all times during his employment with Defendants, Plaintiff was performing his job duties satisfactorily.

28.     In early 2014, Chef's Warehouse hired a man named Carlos [last name unknown] as the transportation manager for the Hayward, California division. After Carlos was hired, Mr. Robinson began to experience discrimination that affected his entire job.

29.     Management's behavior had not only affected Mr. Robinson, but also extended towards many black employees of Chef's Warehouse.  For example, management routinely characterized the black employees of Chef's Warehouse as aggressive towards customers and lazy in how they performed their duties.  On multiple occasions, management had stated to Mr. Robinson and other Chef's Warehouse employees, that if he had to purchase food for the black employees, he must include chicken and grape or strawberry soda, otherwise the black employees would not be able to eat.   Additionally, management publicly made statements directed toward black employees, saying that the Mexican street vendor who often catered to Chef's Warehouse employees did not have watermelon or grape soda, but did have strawberry soda for them to drink.

30.     Moreover, management failed to take any corrective action when black employees experienced racist and/or aggressive customers.  In contrast, if a customer made racists remarks or behaved in a racially discriminatory manner towards any other employee, management would immediately contact the customer and advise them that if their behavior was not corrected he

-9-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  would terminate any future deliveries.   Management also required that black employees

2  immediately go for drug testing, per company and state policy, after a traffic collision, whereas

3  other non-black employees are not required to meet the same testing requirements.

4      31.    In addition to the above behavior, management repeatedly failed to provide Mr.

5  Robinson with the necessary information to perform his job.  For example, if a black employee

6  violated a traffic safety law or was involved in an incident that required review, management

7  would not allow Mr. Robinson to ride with the employees or follow up with them.  Instead,

8  management would do the ride along and make sure that Mr. Robinson was assigned to a different

9  task.  For the past 3.5 years, Mr. Robinson had attended a driver's safety meeting every week,

10  however, from the start of management's employ with Chef's Warehouse, Mr. Robinson has only

11  been to 2 safety meetings.  Management had also specifically advised the router for Chef's

12  Warehouse to not forward emails to Mr. Robinson regarding employees who call in sick, stating

13  that he was worried that Mr. Robinson would warn the black employees if they are going to

14  receive a heavier workload.

15      32.    When Mr. Robinson attempted to turn in an evaluation for a Spanish-speaking

16  employee, management would not accept any evaluation that gave the employee less than a 4 out

17  of 5 rating and would change an evaluation if Mr. Robinson refused to change a lower score to a

18  higher one.  However, management accepted evaluations of black employees with lower scores.

19      33.    On multiple occasions, Mr. Robinson attempted to confront Defendant regarding

20  various policy violations.  For example, Mr. Robinson witnessed management allow non-black

21  employees drive vehicles that required a class B license, while they only had a class C license.

22  Mr. Robinson brought this to management's attention. In response, management advised him that

23  if he wanted to keep his job he needed to be silent about the issue.  Additionally, Mr. Robinson

24  had been involved in various incidents where non-black employees have acted in a discriminatory

25  manner towards him, including but not limited to vandalizing his vehicle and calling him a

26  "nigger."   Management documented the incidents in a manner that depicted Mr. Robinson as the

27  primary aggressor. Mr. Robinson refused to sign the documents because they were not accurate.

28  Defendant also failed to provide the surveillance video that would have shown the suspected

-10-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

vandal of his vehicle.  Mr. Robinson attempted to speak with Human Resources on multiple occasions regarding these incidents, but Defendant repeatedly assigned Mr. Robinson an extended route or kept him unusually busy, so Mr. Robinson could not speak with Human Resources.

34.     Not only has management failed to provide Mr. Robinson with the necessary tools and support to do his job, Defendant has also put Mr. Robinson in physical jeopardy.  In 2013, the company doctor (Saint Rose occupational health) put him on modified duty for about 3 weeks because Mr. Robinson strained a muscle. The doctor recommended rehabilitation and physical therapy. The doctor sent the necessary paperwork to Defendant so it could be sent to the insurance company for approval, but this never occurred.  Things improved so Mr. Robinson did not seek further treatment at that time.

35.     In 2014, Mr. Robinson was re-injured. Mr. Robinson submitted a treatment request through Carlos.  Mr. Robinson went to the same doctor.  However, this time Carlos did not respect the doctor-ordered modified duty.    Again, the company ignored doctor's request for rehabilitation/physical therapy.  Even though Mr. Robinson's doctor had put him on modified duty, management failed to actually modify Mr. Robinson's duties accordingly and refused to provide Mr. Robinson with the physical therapy recommended by the doctor.

36.     Now in 2015, Mr. Robinson's injury has begun irritating him more severely. As such, Mr. Robinson wants to go back to the doctor.  Mr. Robinson made a request through Carlos. In order to go see the doctor you need to get a paper signed by Carlos.  Carlos resisted so Mr. Robinson went on his own.  Mr. Robinson put in a request to go see the doctor, but management refused to sign the request. As a result, Mr. Robinson was forced to take a sick day to be medically treated.  Management's failure to protect Mr. Robinson only served to exacerbate his injury.

37.     At all times during his employment with Defendants, Plaintiff was performing his job duties satisfactorily and received positive performance reviews.

38.     Defendant has repeatedly harassed and discriminated against black employees, such as Mr. Robinson.  Mr. Robinson has been unable to properly perform his duties and has been put at physical risk on multiple occasions due to management's actions and failures to act.

-11-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

### FIRST CAUSE OF ACTION
**Failure to Properly Compensate Employees for All Hours Worked**
(Lab. Code §§ 200-204, 216, 225.5, 226, 500, 510, 558, 1197, 1198)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

39.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

40.    Defendants were required to compensate Plaintiff and Class Members for all hours worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070 and Labor Code Sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198.

41.    Plaintiff and Class Members routinely performed work "off-the-clock."

42.    Defendants refused to compensate Plaintiff and Class Members for some and/or all of the wages (including overtime wages) earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

43.    At all relevant times, Defendants were aware of, and was under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code Sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations. Plaintiff and Class Members have been deprived of their rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Under California employment laws and regulations, Plaintiff and Class Members are entitled to recover compensation for all hours worked, in addition to reasonable attorney's fees and costs of suit.

44.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked, including overtime hours worked, on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

### SECOND CAUSE OF ACTION
**Failure to Pay Overtime Wages**
(Lab. Code §§ 200-204, 210, 216, 225.5, 500, 510, 558, 1194, 1198; IWC Wage Orders)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

-12-
*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

45.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein

46.     Labor Code section 510 defines a day's work s 8 hours and states that any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek must be compensated at the rate of no less than one and one-half times the regular rate of pay.  Pursuant to Labor Code section 1194(a), a plaintiff may bring a civil action for overtime wages to recover wages, interest, penalties, attorney's fees and costs.

47.     Plaintiff and Class Members are not exempt from receiving overtime compensation. Defendants required Plaintiff and Class Members to work in excess of 8 hours per day, and/or in excess of 40 hours per week without paying the applicable overtime rates.

48.     Plaintiff and Class Members were entitled to receive one-and-one half times the hourly wage for each hour worked past 8 hours in one day, one-and-one half times the hourly wage for each hour worked past 40 hours in one week, and twice the hourly wage for each hour worked past 12 hours in one day and for all hours over 8 during their seventh consecutive day of work in one week.

49.     Defendants violated Labor Code sections §§ 510, 1194, and 1198 and IWC Wage Orders when they failed to pay Plaintiff and Class Members overtime wages for work performed in excess of 8 hours per day and/or for work performed in excess of 40 hours per week, within the time frame set forth under the law.  As a consequence for violating Labor Code §510, 1194, 1198, and IWC Wage Orders, Defendants are subject to all applicable penalties including but not limited to those specified pursuant to Labor Code §§ 225.5 and 558. The exact amount of the applicable penalties will be proven at trial.

50.     At all relevant times, Defendants were aware of, and was under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code §§ 200 *et seq.*, 510, 1194 and 1198.  Defendants violated Labor Code §204 when they failed to pay Plaintiff and Class Members minimum wage and failed to pay all wages earned for labor in excess of the normal work period no later than the pay day for the next regular payroll period.  As a consequence for violating Labor Code §204, Defendants are subject

-13-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  to all applicable penalties including those specified pursuant to Labor Code §210.  The exact

2  amount of the applicable penalties will be proven at trial.

3       51.    At all times relevant to this Complaint, Defendants were and are the employers of

4  Plaintiff and Class Members within the meaning of Labor Code §558 and violated or caused to

5  be violated a provision or provisions of Part 2, Chapter 1, of the Labor Code regulating hours and

6  days of work and, as such, are liable to each Class Member for each such violation as set forth in

7  Labor Code §558, in addition to an amount sufficient to recover underpaid wages.  The exact

8  amount of the applicable penalties will be proven at trial.

9       52.    Plaintiff and Class Members seek and are entitled to interest on all due and unpaid

10  wages pursuant to Labor Code §218.6.

11      53.    Pursuant to Labor Code §1194, Plaintiff and Class Members seek to recover in a

12  civil action the unpaid balance of the full amount of the unpaid overtime compensation, including

13  interest thereon, reasonable attorney's fees, and costs of suit.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
(Lab. Code § 226.7, 512; IWC Wage Orders)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

14      54.    Plaintiff incorporates in this cause of action each and every allegation of the

15  preceding paragraphs, with the same force and effect as though fully set forth herein.

16      55.    Plaintiff and Class Members were employed by Defendants within the State of

17  California.

18      56.    At all relevant times, Defendants were aware of and was under a duty to comply

19  with California Labor Code §§ 226.7 and 512.

20      57.    California Labor Code § 226.7 provides:

> No employer shall require any employee to work during any meal
> or rest period mandated by an applicable order of the Industrial
> Welfare Commission.
>
> ....
>
> If an employer fails to provide an employee a meal period or rest
> period in accordance with an applicable order of the Industrial
> Welfare Commission, the employer shall pay the employee one
> additional hour of pay at the employee's regular rate of

-14-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

compensation for each work day that the meal or rest period is not provided.

58.   Moreover, California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

59.   By failing to consistently provide uninterrupted and unrestricted meal and rest periods to Class Members, Defendants violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of the applicable IWC Wage Order.

60.   Section 11 of the applicable Wage Order provides:

a.   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....

b.   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....

c.   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

61.   Moreover, Section 12 of the applicable Wage Order provides:

a.   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

b.   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

-15-

62.     By failing to consistently (1) provide meal breaks within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Class Members, Defendants violated the California Labor Code and §§ 11 and 12 of the applicable IWC Wage Order.

63.     Even where Defendants' records specifically evidence that no meal and/or rest periods were provided to Plaintiff and Class Members, Defendants refuse to provide these employees with one hour of compensation for these respective violations as mandated by California law. Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to any Class Member.

64.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

65.     Defendants routinely required Plaintiff and Class Members to work at least three and one-half hours without a rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

66.     Defendants routinely required Plaintiff and Class Members to work more than six hours without a second rest period of at least 10 minutes and failed to compensate the Class Members, including Plaintiff, for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

67.     Defendants routinely required Plaintiff and Class Members to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Class Members, including Plaintiff, for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-16-

68.     Defendants routinely required Plaintiff and Class Members to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Class Members, including Plaintiff, for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

69.     Defendants routinely failed to authorize and permit all entitled meal and rest periods by requiring Plaintiff and Class Members to attend to business instead of authorizing and permitting Plaintiff and Class Members to take these meal and rest periods.

70.     Plaintiff and Class Members are not exempt from the meal and rest period requirements of the aforementioned Employment Laws and Regulations.

71.     Plaintiff and Class Members did not willfully waive, through mutual consent with Defendants, any such meal and rest periods.

72.     Defendants did not pay premium payments to Plaintiff or Class Members for missed meal periods.  Similarly, Defendants did not pay premium payments to Plaintiff or Class Members for missed rest periods.

73.     Plaintiff and Class Members have been deprived of their rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

74.     Plaintiff and Class Members have been deprived of their rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

### FOURTH CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE RECORDS
(Lab. Code §§ 1174, 1174.5)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-17-

75.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein

76.     California Labor Code § 1174(d) provides:
Every person employing labor in this state shall ... [k]eep, at a central location in the state ... payroll records showing the hours worked daily by and the wages paid to ... employees .... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

77.     Defendants failed to maintain accurate records of the hours worked and the wages paid to Plaintiff and Class Members.   Defendants did not employ policies, procedures, and practices to accurately track Plaintiff's and Class Members' hours.

78.     Plaintiff and Class Members were injured by Defendants' failure to maintain accurate records, because, as alleged above, Plaintiff and Class Members did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

79.     Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

80.     Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 1174, 1174.5, and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

## FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH WAGE AND HOUR STATEMENTS
(Lab. Code §§ 226(e), 226.3)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

81.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein

82.     California Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by

-18-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his social security number, except that by January 1, 2008, only the last four digits of his social security number or an employee identification number other than a social security number may be shown on an itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

83.     California Labor Code § 226(e)(1) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

84.     California Labor Code § 226(e)(2) provides:

(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).
(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

-19-

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.
(iv) The name of the employee and only the last four digits of his social security number or an employee identification number other than a social security number.

85.    California Labor Code § 1174(d) provides:

Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

86.    Defendants failed to provide Plaintiff and Class Members with timely and accurate wage and hour statements showing the inclusive dates of the pay period, gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate.

87.    Plaintiff and Class Members were injured by Defendants' failure to provide wage statements, because, as alleged above, Plaintiff and Class Members did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

88.    Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

89.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### SIXTH CAUSE OF ACTION
### FAILURE TO PAY FINAL WAGES ON TIME
(Lab. Code §§ 201-204)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-20-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

90.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

91.     California Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge. Section 202 provides that all earned and unpaid wages of an employee who resigns are due and payable immediately if the employee provided at least seventy-two hours' notice; otherwise, wages of an employee who resigns are due within seventy-two hours of resignation.

92.     At all relevant times herein, Defendants failed to implement a policy and practice to pay Class Members, including Plaintiff, accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.  As a result, Plaintiff and members of the Subclass were not paid all compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.

93.     Plaintiff and the subclasses are not exempt from these requirements of the Employment Laws and Regulations.

94.     Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code § 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND**
(Lab. Code §§ 406, 2802)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

95.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

96.     During the Class Period, Defendants required Plaintiff and Class Members to incur expenses related to the business operations of Defendants. These expenses include(d), without limitation, costs related to [reimbursement types] [reimbursement examples: purchasing personal

-21-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1    computer, cell phone, internet usage plan, cell phone usage plan, travel, continuing education

2    and/or fitness certification, licenses, materials, and equipment used in exercise sessions].

3        97.    These expenditures were incurred in direct consequence of the discharge of the

4    duties of Plaintiff and Class Members, or of their obedience to the directions of the employer and

5    have not yet been reimbursed by Defendants.

6        98.    At all relevant times, Defendants were aware of and was under a duty to comply

7    with various provisions of the California Labor Code, including, but not necessarily limited to §§

8    406 and 2802(a).

9        99.    California Labor Code § 406 provides:

10        Any property put up by an employee, or applicant as a part of the
        contract of employment, directly or indirectly, shall be deemed to
11        be put up as a bond and is subject to the provisions of this article
        whether the property is put up on a note or as a loan or an
12        investment and regardless of the wording of the agreement under
        which it is put up.
13

14        100.    California Labor Code § 2802(a) provides:

15        An employer shall indemnify his employee for all necessary
        expenditures or losses incurred by the employee in direct
16        consequence of the discharge of his duties, or of his obedience to
        the directions of the employer, even though unlawful, unless the
17        employee, at the time of obeying the directions, believed them to
        be unlawful.
18

19        101.    By requiring Plaintiff and Class Members to incur uncompensated expenses in

20    direct consequence of the discharge of their duties, Plaintiff and Class Members were forced

21    and/or brought to contribute to the capital and expenses of Defendants' business which is legally

22    a cash bond, and which must be refunded by Defendants to Plaintiff and each Class Member.

23        102.    California Labor Code § 2802(b) and (c) provides for interest at the statutory post

24    judgment rate of ten percent simple interest per annum from the date of the expenditure, plus

25    attorneys' fees to collect reimbursement.

26        103.    Therefore, Plaintiff demands reimbursement for expenditures or losses incurred by

27    himself and the remaining Class Members in direct consequence of the discharge of their duties,

28    or of their obedience to the directions of Defendants, plus return of all cash bonds or other coerced

-22-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

investments in the business of Defendants, with interest, at the statutory rate, plus attorneys' fees and costs and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### EIGHTH CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE
(Lab. Code § 1194 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

104.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

105.    At all relevant times, Defendants were aware of and was under a duty to comply with California Labor Code § 1194 *et seq.*

106.    California Labor Code § 1194(a) in relevant part provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

107.    Moreover, California Labor Code § 1197 provides:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

108.    Finally, California Labor Code § 1194.2(a) provides:

> In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

109.    During the Class Period, Defendants employed Plaintiff and Class Members, each of whom did not receive the applicable minimum wage for all hours worked on Defendants' behalf. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

-23-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

110.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

### NINTH CAUSE OF ACTION BY PLAINTIFF
### DISABILITY DISCRIMINATION AND HARASSMENT
(California Gov't Code §12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

111.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

112.    Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to discriminate against employees on the basis of disability.  Under California law, there is a fundamental and well-established public policy against disability discrimination.  Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940. Jurisdiction is invoked in this court pursuant to the FEHA and the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield* Company (1980) 27 Cal. 3d 167 and *Rojo v. Kliger* (1990) 52 Cal. 3d 65.

113.    Defendant regularly and systematically does business in the State of California and is subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 *et seq.* ("FEHA"), in that Defendant regularly employed five or more persons. With respect to harassment pursuant to Section 12940(j) specifically, "employer" includes "any person regularly employing one or more persons or regularly receiving the services of one or more persons providing services pursuant to a contract, or any person acting as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision of the state, and cities." California Gov't Code § 12940(j)(4).

114.    California Government Code § 12940(a) provides: It is an unlawful employment practice: "For an employer, because of the race, religious creed, color, national origin, ancestry,

-24-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

1   physical disability, mental disability, medical condition, genetic information, marital status, sex,

2   gender, gender identity, gender expression, age, sexual orientation, or military and veteran status

3   of any person, to refuse to hire or employ the person or to refuse to select the person for a training

4   program leading to employment, or to bar or to discharge the person from employment or from a

5   training program leading to employment, or to discriminate against the person in compensation

6   or in terms, conditions, or privileges of employment."

7        115.    California Government Code § 12940(a) provides: It is an unlawful employment

8   practice: "For an employer, … or any other person, because of race, religious creed, color, national

9   origin, ancestry, physical disability, mental disability, medical condition, genetic information,

10  marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military

11  and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person

12  providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid

13  intern or volunteer, or a person providing services pursuant to a contract by an employee, other

14  than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or

15  should have known of this conduct and fails to take immediate and appropriate corrective action.

16  An employer may also be responsible for the acts of nonemployees, with respect to sexual

17  harassment of employees, applicants, unpaid interns or volunteers, or persons providing services

18  pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows

19  or should have known of the conduct and fails to take immediate and appropriate corrective action.

20  In reviewing cases involving the acts of nonemployees, the extent of the employer's control and

21  any other legal responsibility that the employer may have with respect to the conduct of those

22  nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment

23  from occurring. Loss of tangible job benefits shall not be necessary in order to establish

24  harassment."

25        116.    Pursuant to California Government Code Section 12940(a), Defendant owed

26  Plaintiff the duty not to treat Plaintiff less favorably because of his disability and/or perceived

27  disability, and not to discriminate against him in the terms and conditions of his employment.

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-25-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

117.   As alleged above, Plaintiff was disabled in that he was diagnosed with a serious injury, including a strained muscle which was exacerbated several times.  Plaintiff's condition qualified as a disability pursuant to California Government Code Section 12940 *et seq.*

118.   Defendant was aware of Plaintiff's disability through discussions between Plaintiff and Defendants' management.

119.   At all times mentioned herein, Plaintiff was qualified for the position he held and was performing competently in the position.  Furthermore, Plaintiff was willing and able to perform the duties and essential functions of his position with or without a reasonable accommodation.

120.   Defendants' discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of physical disability, in violation of California Government Code Section 12940.

121.   Defendants' actions against Plaintiff, as alleged above, constitute unlawful harassment, in violation of California Government Code Section 12940.

122.   This is a claim for relief arising from Defendants' causing, and its failure to prevent, disability discrimination against Plaintiff.

123.   Because of Defendants' failure to prevent disability discrimination, Plaintiff suffered adverse employment actions.

124.   As a direct and proximate result of the actions of Defendants, including the discrimination against Plaintiff with respect to his employment, based upon his disability, Plaintiff has suffered and will continue to suffer pain and extreme and severe mental anguish and emotional distress.  Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits; whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct describe herein above.

125.   By discriminating against Plaintiff in violation of Government Code Section 12940, Defendant acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California

-26-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1   Civil Code Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an

2   amount according to proof at trial.

3          126.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in

4   conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants'

5   managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive

6   damages are warranted against Defendants.

7          127.    Plaintiff seeks his attorneys' fees and costs pursuant to California Government

8   Code Section 12965(b).

## TENTH CAUSE OF ACTION
### FAILURE TO PROVIDE REASONABLE ACCOMMODATION
(Gov't. Code § 12940 *et seq.*)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

128.    Plaintiff incorporates in this cause of action each and every allegation of the

preceding paragraphs, with the same force and effect as though fully set forth herein.

129.    As alleged above, and at all relevant times hereto, Plaintiff has suffered from a

physical disability in the form of a severe muscle strain that was exacerbated several times.

130.    As alleged above, Defendant was aware of Plaintiff's disability.

131.    Defendant failed reasonably to accommodate Plaintiff's needs based on his

disability and, in fact, did not even begin a meaningful dialogue to determine what

accommodations would work.

132.    At all times mentioned herein, Plaintiff was willing and able to perform the duties

and functions of his position if reasonable accommodation had been made by Defendants. At no

time would the performance of the functions of the employment position with a reasonable

accommodation for Plaintiff's disability have been a danger to Plaintiff's or any other person's

health or safety, nor would it have created an undue hardship to the operation of Defendants'

business.

133.    As a result of Defendants' acts and omissions alleged above, Plaintiff suffered

injuries and damages in an amount according to proof at trial.

-27-

134.   As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, front pay, back pay, severance pay, and the like.

135.   By discriminating against Plaintiff and refusing to provide him a reasonable accommodation in violation of Government Code Section 12940(m), Defendant acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

136.   Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

137.   Plaintiff seeks his attorneys' fees and costs pursuant to California Government Code Section 12965(b).

### ELEVENTH CAUSE OF ACTION
### FAILURE TO ENGAGE IN INTERACTIVE PROCESS
(Gov't. Code § 12940 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

138.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

139.   Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

140.   Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disabilities.

141.   As a result of Defendants' acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof at trial.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-28-

142. As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and the like.

143. By failing to engage in the interactive process in violation of Government Code Section 12940(n), Defendant acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

144. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

145. Plaintiff seeks his attorneys' fees and costs pursuant to California Government Code Section 12965(b).

## TWELFTH CAUSE OF ACTION
### RACE DISCRIMINATION AND HARASSMENT
(Gov't. Code § 12940 *et seq.*)
*(On behalf of Plaintiff and All Class Members Against All Defendant)*

146. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein

147. Defendant regularly and systematically does business in the State of California and is subject to suit under the California Fair Employment and Housing Act, Government Code Sections 12940 *et seq.* ("FEHA").

148. Pursuant to California Government Code Section 12940 *et seq.*, Defendant owed Plaintiff the duty not to discriminate against him because of his race.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-29-

149.    As described above, Plaintiff is African-American. Plaintiff is therefore a member of a protected class pursuant to California Government Code Section 12940 *et seq.*

150.    As alleged above, Plaintiff's race was the topic of numerous conversations. Plaintiff was forced to endure racist comments, including managers who suggested black workers can receive low performance ratings but non-black workers cannot and co-workers who called him "nigger." Plaintiff was also singled out and treated less favorably than his co-workers, in particular by the manager named Carlos. Plaintiff reported these problems to Defendant, but Defendant did not take any meaningful steps to resolve the problem.

151.    As a result of Defendants' acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof at trial.

152.    As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and the like.

153.    By discriminating against Plaintiff in violation of Government Code Section 12940, Defendant acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

154.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

155.    Plaintiff seeks his attorneys' fees and costs pursuant to California Government Code Section 12965(b).

**THIRTEENTH CAUSE OF ACTION**
**FAILURE TO INVESTIGATE AND PREVENT**
**DISCRIMINATION AND HARASSMENT**

-30-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

(Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(On behalf of Plaintiff and all Class Members against all Defendants)

156.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

157.    Under the FEHA, including California Government Code Section 12940(k), and the common law of the State of California, Defendant owes to Plaintiff and Class Members a duty to take all reasonable steps necessary to investigate or prevent discrimination against Plaintiff and Class Members on the basis of race and disability.

158.    Plaintiff complained about the harassment and discrimination to Plaintiff's management. Nonetheless, Defendants did not investigate Plaintiff's complaints or take action to stop the harassment and discrimination.

159.    Despite Defendants' knowledge of Plaintiff's complaints, Defendant failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment. Defendant similarly failed to take all reasonable steps to prevent discrimination from occurring. On information and belief, Defendant does not provide adequate anti-discrimination training to its workforce, which results in unlawful discrimination, unlawful harassment, unlawful retaliation and related violations against Plaintiff and Class Members.

160.    As a result of Defendants' acts and omissions alleged above, Plaintiff and Class Members suffered injuries and damages in an amount according to proof at trial.

161.    Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of Defendants' willful, knowing, and intentional wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, mental distress, anguish, indignation, humiliation, depression, anxiety, fear, loss of sleep, loss of appetite, and body-aches. Plaintiff has also suffered from a loss of earnings, other employment benefits and job opportunities, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and other monetary damages. Plaintiff is

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-31-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  thereby entitled to general and compensatory damages in an amount to be proven at trial, in

2  addition to attorneys' fees and costs.

3      162.  Plaintiff seeks attorneys' fees and costs pursuant to California Government Code

4  Section 12965(b).

5      163.  Defendants' acts alleged herein are malicious, oppressive, despicable, and in

6  conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants'

7  managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive

8  damages are warranted against Defendants.

9  **FOURTEENTH CAUSE OF ACTION**

10  **UNFAIR BUSINESS PRACTICES**
   (Bus. & Prof. Code §§ 17200 *et seq.*)

11  (*On behalf of Plaintiff and all Class Members against all Defendants*)

12      164.  Plaintiff incorporates in this cause of action each and every allegation of the

13  preceding paragraphs, with the same force and effect as though fully set forth herein.

14      165.  Plaintiff brings this cause of action on behalf of himself and the Class.

15      166.  Defendants' violations of California law, including Defendants' violations of the

16  Employment Laws and Regulations as alleged herein including, *inter alia*, Defendants' failure to

17  pay for all hours worked including overtime hours worked, Defendants' failure to authorize and

18  permit meal and rest breaks (or make premium payments in lieu of breaks), Defendants' failure

19  to provide accurate itemized wage statements, and Defendants' failure to timely pay all wages

20  owing upon termination, constitute unfair business practices in violation of California Business

21  & Professions Code Section 17200 *et seq* because they were done repeatedly, over a significant

22  period of time, and in a systematic manner to the detriment of Plaintiff and Class Members.

23      167.  Plaintiff further brings this cause of action seeking equitable and statutory relief to

24  stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts

25  Defendants acquired through the unfair, unlawful, and fraudulent business practices described

26  herein.

27      168.  Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or

28  fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-

-32-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

169.    As a result of Defendants' unfair business practices, Defendant has reaped unfair benefits at the expense of Plaintiff, the Class Members, and members of the public.

170.    Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Plaintiff and Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

171.  · Defendants' unfair business practices entitle Plaintiff and Class Members to seek preliminary and permanent injunctive relief and other restitutionary relief, including but not limited to orders that Defendants account for and restore unlawfully withheld compensation to the Plaintiff and Class Members and discontinue certain unlawful employment practices, conduct and implement adequate training, including the implementation of policies and procedures designed to prevent discrimination and retaliation, in addition to attorneys' fees and costs.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues and causes of action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following forms of relief, individually and on behalf of all others similarly situated:

1.    Certification of this action as a class action on behalf of the classes defined herein;

2.    Designation of Plaintiff as representative of the classes and his counsel as counsel for the classes;

3.    For compensatory damages;

4.    Compensation for all hours worked but not paid;

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-33-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

5.     For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

6.     For special damages according to proof;

7.     For punitive damages where allowed by law;

8.     For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

9.     For waiting time penalties pursuant to Labor Code §§ 203 and 206;

10.     For penalties pursuant to Labor Code §§ 201, 226, 556, 1174(d), 1194, 1194.2, 2698 *et seq.* (after the claim under § 2698 *et seq.* has been added), and 2802, and any and all other provisions of the Labor Code which provide for penalties as a result of the conduct alleged herein;

11.     For costs of suit incurred herein and attorneys' fees pursuant to, *inter alia*, Labor Code §§ 218.5, 226, 2698 *et seq.* (after the claim under § 2698 *et seq.* has been added), and other provisions of the Labor Code and "private attorney general" statutes contained in Code of Civil Procedure § 1021.5;

12.     For statutory penalties pursuant to, among others, the Private Attorney General Act (after the claim under § 2698 *et seq.* has been added);

13.     For injunctive relief;

14.     For pre-judgment and post-judgment interest as provided by law; and

15.     For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 26, 2015        HOFFMAN EMPLOYMENT LAWYERS

Stephen Noel Ilg
Attorneys for Plaintiffs

-34-

*Shaon Robinson v. The Chefs' Warehouse, Inc.*
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111