UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAON ROBINSON,

    Plaintiff,

    v.

THE CHEFS' WAREHOUSE, INC.,

    Defendant.

Case No. 15-cv-05421-RS

**ORDER GRANTING LEAVE TO AMEND AND REFERRING DISCOVERY DISPUTE**

Plaintiff Shaon Robinson seeks leave to file an amended complaint, adding an additional plaintiff (Sean Clark), an additional defendant, (Chef's Warehouse West Coast, LLC) and additional claims for relief under California's Private Attorney General Act ("PAGA") and Family Rights ACT ("FRA"). The proposed amended complaint also contains other "non-substantive" changes to which defendant has not objected. Because the original proposed amended complaint (labeled as "First Amended Complaint") (Dkt. 21-1, Exh. A) was replete with drafting errors that impeded analysis of whether the pleading was viable, plaintiff was directed to file a new proposed complaint, and the parties were allowed supplemental briefing regarding the revised proposal.[1] The motion for leave to amend is now again ripe, and pursuant to Civil Local Rule 7-1(b) will be decided without oral argument.

---

[1] Plaintiff labeled the revised proposal a a "Second Amended Complaint," even though no "First Amended Complaint" has been allowed. See Dkt. No. 27.

Plaintiff's counsel was expressly ordered to "proofread with care," to avoid the types of errors previously identified. Counsel failed to give that admonishment due attention. The revised proposal still contains some of the form pleading options in the 14th claim for relief, pointed out in the prior order as problematic. The proposal continues to use "defendant" and "defendants" interchangeably. In places, the complaint refers to "plaintiff" in the singular, without first clearly identifying which plaintiff is intended.

All that said, it can now be divined from the face of the proposed amended complaint, particularly as confirmed by plaintiff's briefing that (1) only the first through eighth and fifteenth through sixteenth claims for relief are advanced by Robinson and Clark on behalf of themselves and the putative class, (2) the ninth through fourteenth claims for relief are advanced by Robinson individually,[2] and (3) Clark advances no strictly individual claims. Additionally, it is clear that Robinson and Clark do not intend to distinguish between The Chef's Warehouse, Inc. and Chef's Warehouse West Coast, LLC, and that all references to "defendant" in the singular can be understood as applying to either or both defendants, subject to proof as to which entity was the employer.

While the failure to comply with the prior order's instruction to proofread carefully cannot be condoned, the remaining drafting mistakes are not a basis to deny leave to amend. In light of the fact that Robinson admittedly is asserting no purely individual claims, defendants' complaint that no factual allegations are offered to support any such claims is moot. At this juncture, defendants have not established a failure to exhaust administrative remedies as to the FRA claim. Finally, while the statute of limitations may become relevant to the scope of any class that otherwise may be certified, it does not render the proposed amendment futile. Accordingly, the

---

[2] Stray references to members of the class in paragraphs 170 and 172 of the 14th claim for relief do not alter this conclusion and will be disregarded. To the extent the language of the complaint could be construed differently from the limitations Robinson and Clark have conceded in their opposition briefing, they will be held to those concessions, and the limitations set out in this order.

motion for leave to amend is granted.  The proposed pleading at Dkt. No. 27 is hereby deemed filed as the operative complaint.  It may hereafter be referred to by the title shown in its caption—Second Amended Complaint—even though it technically it represents only the first amendment allowed.

Plaintiff's administrative motion (Dkt. No. 33) seeking leave to file a unilateral letter brief regarding a discovery dispute, and all future discovery disputes are hereby referred to a randomly-assigned magistrate judge for resolution.

**IT IS SO ORDERED**.

Dated:  November 10, 2016

_____
RICHARD SEEBORG
United States District Judge