UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON,<br>    Plaintiff,<br>    v.<br>THE CHEFS' WAREHOUSE,<br>    Defendant. | Case No. 3:15-cv-05421-RS   (KAW)<br><br>**ORDER TERMINATING 1/3/17 JOINT LETTER; ORDER DENYING PLAINTIFF'S REQUEST TO FILE A MOTION TO COMPEL**<br><br>Re: Dkt. No. 43 |

On January 3, 2017, the parties filed a joint discovery letter regarding Defendant's alleged failure to fully respond to various discovery devices, and Plaintiff requested permission to file a formal motion to compel. (Dkt. No. 43.) The Court DENIES Plaintiff's request to file a motion to compel, as the joint letter process replaces motion practice, because it encourages the parties to substantively meet and confer to narrow the disputes prior to filing, while also ensuring that the parties are addressing the same disputes.

All joint letters must comply with the Court's standing order, including the provision that "a separate joint letter [be filed] for each discovery dispute (i.e. if the parties have disputes regarding specific interrogatories and requests for production, they must file two letters)." (Standing Order for Magistrate Judge Kandis A. Westmore ¶ 13.) Here, the instant joint letter does not address the substance of the multiple disputes at issue, and does not provide the undersigned with the information necessary to resolve the disputes.

Accordingly, the Court TERMINATES the discovery letter and orders the parties to further meet and confer and file a separate, revised joint letter for each discovery device, not to exceed five pages. The letters shall be in the following format to ensure that the parties are addressing the same issues, and are doing so in a manner that facilitates the Court's resolution of the remaining

disputes:

    **A.  Request for Production No. 7**

        [Summarize the issue and reproduce the request.]

Plaintiff's Position

        [Plaintiff's position outlining why Defendant's response is deficient and the relief requested.]

Defendant's Position

        [Defendant's rationale as to why it has fully responded to the request, etc.]

    **B.  Request for Production No. 12**

        [Summarize the issue and reproduce the request.]

Plaintiff's Position

        [Plaintiff's position outlining why Defendant's response is deficient and the relief requested.]

Defendant's Position

        [Defendant's rationale as to why it has fully responded to the request, etc.]

(*See* Standing Order for Magistrate Judge Kandis A. Westmore ¶ 13.)  Additionally, the parties should attach the propounded discovery and the applicable responses as exhibits to the joint discovery letter.  The parties need not attach correspondence.  All exhibits should be tabbed and physically attached to the corresponding letter with a staple or brads.

    IT IS SO ORDERED.

Dated: January 5, 2017

                                                                                         */s/ Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge