Michele J. Beilke (State Bar No. 194098)
mbeilke@reedsmith.com
Julia Y. Trankiem (State Bar. No. 228666)
jtrankiem@reedsmith.com
Zaher Lopez (State Bar No. 272293)
zlopez@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2800
Los Angeles, California 90071
Telephone: 213.457.8000
Facsimile: 213.457.8080

*Attorneys for Defendant*
THE CHEFS' WAREHOUSE WEST
COAST, LLC, erroneously sued as THE
CHEFS' WAREHOUSE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHEFS' WAREHOUSE, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 15-cv-05421-RS (KAW)<br><br>**DECLARATION OF MICHELE J. BEILKE IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN PURSUANT TO FRCP 30(D)(2) AND 28 U.S.C. § 1927** |

I, Michele J. Beilke, hereby declare:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California. I am a Partner with the law firm of Reed Smith LLP, attorneys of record for Defendants THE CHEFS' WAREHOUSE, INC. and THE CHEFS' WAREHOUSE WEST COAST, LLC (hereinafter "Defendants"). I make this Declaration in support of Defendants' Motion for Sanctions Against Attorney Michael Hoffman Pursuant to FRCP 30(d)(2) and 28 U.S.C. § 1927. I am familiar with the facts and proceedings of this case and if called as a witness, I could and would competently testify to the following facts from my own personal knowledge.

2. After failed attempts to take Plaintiff Shaon Robinson's deposition over the course of several months, Defendants noticed Plaintiff's deposition for January 12, 2017 in San Francisco, California.

3. I flew from Los Angeles, California to take the deposition, and Human Resources Director Lori Mulcare flew from Portland, Oregon to attend the deposition as Defendants' corporate representative. Michael Hoffman attended the deposition on behalf of Plaintiff. Also in attendance were a court reporter and a videographer.

4. Within the first few minutes of the deposition, in the midst of Mr. Hoffman and I discussing the stop time for Plaintiff's deposition, Mr. Hoffman told me to not talk to him directly anymore and began speaking to me in a raised voice. Mr. Hoffman then abruptly and rudely turned his chair so that he was facing the opposite direction, away from the conference room table and with his back to me and Ms. Mulcare such that we were looking at the back of his head. I found this conduct to be highly disrespectful. Mr. Hoffman appeared to be under the influence of some type of drug or mind-altering substance. He was unable to sit still, his hands were incessantly shaking, and his eyes were bulging. Mr. Hoffman was easily agitated, hostile, angry, and lacked judgment.

5. I indicated to Mr. Hoffman that his statements to me and his raised voice were not well-received and that I perceived this to be a threat. I reminded Mr. Hoffman

DECLARATION OF MICHELE J. BEILKE IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS

that his role at the deposition simply was to object to any questions he found objectionable. I advised him that I would not accept being abused or mistreated and that if his conduct escalated, I would cease the deposition and seek a protective order.

6. I then began questioning Plaintiff about a wage and hour lawsuit he filed against his former employer, Nestle Water North America (Plaintiff was represented by Mr. Hoffman in that matter). When I asked Plaintiff about the claims in that lawsuit, Mr. Hoffman objected on meritless grounds, including that my questions called for a legal conclusion and because there was a confidential settlement agreement. As I continued to ask questions about the matter against Nestle Water, Mr. Hoffman stood up and abruptly yelled, "Where is my coffee?," which I found to be disruptive and scary. Then he proceeded to interrupt me multiple times. When I asked him to stop interrupting me, he told me to not tell him what to do. He then threw some documents on the conference room table and stared at me in a very threatening manner.

7. While staring at me in a threatening manner, Mr. Hoffman insulted me and told me I was a "complete caricature," "a joke," "pathetic," and "the weakest lawyer I have seen in a very long time." I tried to take a break to diffuse the situation, but that only made things worse, and Mr. Hoffman continued to berate me, calling me a "control freak," telling me I was out of my mind, and telling me I didn't have the ability to formulate a question.

8. Mr. Hoffman then stated, "I'll be in the corner. Ask whatever you want." He subsequently stood up, threw his hands in the air, and paced the room.

9. Overall, Mr. Hoffman's behavior at the deposition was erratic and threatening and unlike anything I had ever experienced. I feared for my safety.

10. At that point, I took a break. During the break, the court reporter came out of the room after me and was visibly shaken. She told me that she feared for our safety and was uncomfortable proceeding with the deposition. Shortly thereafter, the videographer came out of the room and said she was scared because Mr. Hoffman was making a

DECLARATION OF MICHELE J. BEILKE IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS

disparaging comment about "female energy" and didn't want to be alone with him in the room. When I returned from the break and indicated that I would be suspending the deposition and seeking a protective order, Mr. Hoffman stated that he felt threatened by the "female energy" in the room, presumably referring to the fact that I, my client, the court reporter, and the videographer were all women.

11. Mr. Hoffman confirmed to me that he did not think his behavior was unusual. He continued to insult me, calling me "frightfully insecure," "frightfully needy," "so sad," and "a coward." Mr. Hoffman stood up again and blocked the only exit from the conference room. He is a large man and physically intimidating.

12. Mr. Hoffman refused to leave voluntarily. I had to call security for assistance to have him escorted out of the office.

13. The parties were on the record for less than one hour.

14. Plaintiff's deposition was recorded by a certified court reporting agency, and my office received from the court reporting agency the certified copy of the deposition transcript. Attached as Exhibit A is a true and correct copy of relevant portions of Plaintiff's January 12, 2017 deposition transcript.

15. I am a Partner with Reed Smith. I graduated from the University of Southern California School of Law in 1997 and have experience in all aspects of state and federal court employment litigation involving harassment, retaliation, wrongful termination, discrimination, breach of contract, wage and hour and other employment matters. My hourly billing rate is $562.50. I am requesting that Defendants be reimbursed for one hour of my time, spent at Plaintiff's deposition.

16. In my experience, the rates charged by Reed Smith in the representation of Defendants is commensurate with each attorney's seniority and experience and well within the range of the rates charged by similarly qualified and experienced attorneys in other large firms in Los Angeles and San Francisco County. In my experience, Reed Smith's rates are competitive with the market rates charged by comparable firms.

– 4 –
DECLARATION OF MICHELE J. BEILKE IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS

17. My travel expenses were $1,138.65, which includes $521.88 for my round-trip airfare and $616.77 for my hotel.

18. Attached hereto as Exhibit B is a true and correct copy of the invoice received from the court reporter ($824.50) and videographer (in the amount of $483.67).

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed on January 8, 2017, at Los Angeles, California.

                                                                         /s/ Michele J. Beilke
                                                                         Michele J. Beilke

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DECLARATION OF MICHELE J. BEILKE IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2017, I electronically filed the foregoing **DECLARATION OF MICHELE J. BEILKE IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN PURSUANT TO FRCP 30(d)(2) AND 28 U.S.C. § 1927** with the Clerk of the Court for the United States District Court (Northern District of California) using the CM/ECF system, which will send notification of such filing to all counsel of record who receive CM/ECF notification.

Dated this 2nd day of February, 2017.

*/s/ Zaher Lopez*
Zaher Lopez