Michele J. Beilke (State Bar No. 194098)
mbeilke@reedsmith.com
Julia Y. Trankiem (State Bar. No. 228666)
jtrankiem@reedsmith.com
Zaher Lopez (State Bar No. 272293)
zlopez@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2800
Los Angeles, California 90071
Telephone:   213.457.8000
Facsimile:    213.457.8080

*Attorneys for Defendant*
THE CHEFS' WAREHOUSE WEST COAST, LLC, erroneously sued as THE CHEFS' WAREHOUSE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHEFS' WAREHOUSE, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 15-cv-05421-RS (KAW)<br><br>**DECLARATION OF CASSIA LEET IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN PURSUANT TO FRCP 30(D)(2) AND 28 U.S.C. § 1927** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –
DECLARATION OF CASSIA LEET IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS

# DECLARATION OF CASSIA LEET

I, Cassia Leet, hereby declare:

1. I am a videographer, and I have been a videographer for approximately ten years. I work as an independent contractor, and I am retained by various companies for videography assignments. I make this Declaration in support of Defendants' Motion for Sanctions Against Attorney Michael Hoffman Pursuant to FRCP 30(d)(2) and 28 U.S.C. § 1927. I am familiar with the facts and proceedings of this case and if called as a witness, I could and would competently testify to the following facts from my own personal knowledge.

2. I am not related to any party in the *Robinson et al. v. The Chefs' Warehouse, Inc., et al.* matter, nor am I financially interested in the outcome in any way. I have voluntarily agreed to provide this Declaration, and I have not received any remuneration for doing so.

3. Veritext Legal Solutions retained me to work as a videographer on January 12, 2017, at the deposition of Plaintiff Shaon Robinson in San Francisco, California. Also in attendance at Plaintiff's deposition were Defendants' counsel Michele J. Beilke, a corporate Human Resources representative employed by Defendants, Plaintiff's counsel Michael Hoffman, and a court reporter. Prior to the deposition, I never had met Ms. Beilke, the corporate Human Resources representative, or Mr. Hoffman.

4. At the deposition, Mr. Hoffman appeared to be under the influence of some type of drugs. He acted in an erratic fashion and flailed his arms around. At one point, he turned his back to the table; at another point, he got up to stand in the corner. Mr. Hoffman insulted Ms. Beilke left and right, which I considered highly unprofessional. At one point, he said to her, "I can't believe they're paying you $500 an hour," or words to that effect. He also displayed aggression and raised his voice frequently.

5. When we went back on the record following a break, Mr. Hoffman commented on the "female energy" in the room conspiring against him. This statement

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

offended me because I believed it to be sexist and it implied that I was not impartial.

6. I found Mr. Hoffman's body language and demeanor to be very offensive and threatening. In fact, I was so uncomfortable and intimidated by Mr. Hoffman's conduct that I did not want to say one word to him or be in the room alone with him. I sent an email to Veritext advising them that I did not feel safe in the room, and I put in a request to never work at a deposition involving Mr. Hoffman again.

7. I reviewed the video following the deposition. In my opinion, the video is not a fair representation of Mr. Hoffman's conduct at the time of the deposition. During the deposition, he did not wear his microphone, and because I was so uncomfortable and intimidated, I did not ask him to wear it, as I would with other attorneys at other depositions. As a result, I turned up the table volume to ensure that Mr. Hoffman's voice was being recorded, and because Ms. Beilke was wearing her microphone, this resulted in Ms. Beilke's voice being amplified and sounding much louder on the video than it sounded at the time of the deposition. In fact, however, Mr. Hoffman's voice was significantly louder than Ms. Beilke's voice and he raised his voice at her on several occasions.

8. Nor does the video accurately portray Mr. Hoffman's demeanor since the video was not directed towards him. In my opinion, either a neutral moderator should sit in on all future depositions or a second videographer should video Mr. Hoffman at all future depositions.

9. In my ten years as a videographer, I have never agreed to sign a declaration regarding conduct occurring at a deposition. However, I felt compelled to sign this Declaration because I have never seen any attorney behaving so unprofessionally at a deposition.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed on January *18*, 2017, at Oakland, California.

*Cassia Leet*
_____
Cassia Leet

— 3 —

DECLARATION OF CASSIA LEET IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2017, I electronically filed the foregoing **DECLARATION OF CASSIA LEET IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN PURSUANT TO FRCP 30(D)(2) AND 28 U.S.C. § 1927** with the Clerk of the Court for the United States District Court (Northern District of California) using the CM/ECF system, which will send notification of such filing to all counsel of record who receive CM/ECF notification.

Dated this 2nd day of February, 2017.

*/s/ Zaher Lopez*
Zaher Lopez

REED SMITH LLP
A limited liability partnership formed in the State of Delaware