UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE CHEFS' WAREHOUSE,<br><br>    Defendant. | Case No. 3:15-cv-05421-RS (KAW)<br><br>**ORDER REGARDING 1/30/17 JOINT DISCOVERY LETTER RE INTERROGATORY NO. 2**<br><br>Re: Dkt. No. 57 |

On January 30, 2017, the parties filed a joint letter concerning Plaintiffs' Interrogatory No. 2, which asks Defendant to "identify all class members," which includes their personal contact information. (Joint Letter, Dkt. No. 57 at 1.)

Upon review of the joint letter, and for the reasons set forth below, the Court orders Defendant to produce the information sought for the entire putative class.

## I. BACKGROUND

Plaintiffs Shoan Robinson and Sean Clark assert individual and class action claims against Defendant The Chef's Warehouse West Coast, LLC, alleging wage and hour violations, as well as various discrimination claims. The proposed Class consists of "[a]ll persons employed by Defendant [ ] in the State of California as a Driver, Driver Trainer, or Dispatcher at any time on or after October 26, 2011." (Second Am. Compl. ¶ 24.)[1] There are approximately 100 putative class members. (Joint Letter at 2.)

In a joint discovery letter, dated October 28, 2016, Defendant agreed to provide contact

---

[1] After scouring the docket, the Court understands that Defendant's position is that the scope of the putative class in the instant litigation must be narrowed for the Driver position to any time on or after June 25, 2014, based on the class settlement approved in *Chicas*, but that the parties have agreed that this limitation will not apply to discovery. (*See* Dkt. No. 34 at 3.) The parties are advised that they should not assume that the Court will scour other filings to obtain relevant background information that should have been provided in the instant filing.

information for a random sampling of putative class members using a *Belaire-West* opt-out notice, the cost of which would be borne by Plaintiffs. (Dkt. No. 34-2 at 20.) In the event that an individual elects to opt out, another individual would be randomly selected. *Id.* On December 21, 2016, Defendant decided to renege on the agreement based on facts now known to it. (Joint Letter at 2-3.) Given the relatively small class size of 100 individuals, Plaintiffs now seek disclosure of the entire class list. (Joint Letter at 2.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

## III. DISCUSSION

Plaintiffs seek to compel the disclosure of the entire class list in response to Interrogatory No. 2. Defendant has represented that the class consists of approximately 100 individuals. (Joint

1 Letter at 2.) While the parties originally agreed on a *Belaire-West* privacy notice, Defendant later
2 reneged. *Id.* at 3.

3 Defendant argues that discovery is unwarranted for two reasons. First, Defendant believes
4 that both plaintiffs lack typicality due to declarations they filed in the *Chicas* matter, but does not
5 explain how they lack typicality nor what the *Chicas* matter involved. Indeed, Plaintiffs are not
6 necessarily required to make a prima facie showing in order to obtain information for the putative
7 class. The United States Supreme Court has recognized the importance of permitting class counsel
8 to communicate with potential class members for the purpose of gathering information, even prior
9 to class certification. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102–03 (1981); *see also Vinole*, 571
10 F.3d at 942 ("Although a party seeking class certification is not always entitled to discovery on the
11 class certification issue, the propriety of a class action cannot be determined in some cases without
12 discovery."); *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("the
13 better and more advisable practice for a District Court to follow is to afford the litigants an
14 opportunity to [obtain material through discovery in order to demonstrate] whether a class action
15 was maintainable . . . especially when the information is within the sole possession of the
16 defendant."). District courts do not abuse their discretion by refusing to allow pre-certification
17 discovery where the plaintiff failed to show either a prima facie case for class relief under Rule 23
18 or that discovery was likely to produce substantiation of the class allegations. *See id.* (class
19 certification was properly denied without discovery where plaintiffs could not make a prima facie
20 showing of Rule 23's prerequisites or that discovery measures were "likely to produce persuasive
21 information substantiating the class action allegations"); *Mantolete v. Bolger*, 767 F.2d 1416 (9th
22 Cir. 1985) (no abuse of discretion by denying pre-certification discovery where plaintiff merely
23 cited "two other complaints filed elsewhere" by similar plaintiffs against the same defendant to
24 demonstrate a likelihood that discovery would substantiate class allegations).

25 The undersigned, however, agrees that "nothing in *Doninger* and *Mantolete* . . . suggests
26 that a prima facie showing is mandatory in all cases, and it very well may be the case that courts
27 routinely do not require such a showing." *Kaminske v. JP Morgan Chase Bank N.A.*, 2010 WL
28 5782995, at \*2 (C.D. Cal. May 21, 2010); *see also Wellens v. Daiichi Sankyo Inc.*, No. C-13-

3

00581-WHO (DMR), 2014 WL 969692, at *2 (N.D. Cal. Mar. 5, 2014). Indeed, while Plaintiffs have not addressed *Mantolete*, it is evident that they require the information sought to substantiate the class allegations.

Second, Defendant contends that neither named plaintiff can serve as a class representative because their claims must be dismissed pursuant to the Motor Carrier Exemption. *Id.* This argument is unavailing, because, if Defendant believes that Plaintiffs' claims are barred, it should file a dispositive motion.

In light of the foregoing, the Court finds that Plaintiffs are entitled to contact information insofar as it is proportional to the needs of the case. Given the relatively small size of the putative class, the Court finds that the production of contact information for the entire class would not be unduly burdensome. In regards to the information produced, Defendant is ordered to produce the names, home addresses, phone numbers, email addresses, and job title(s). Given the passage of time since the original agreement, Defendant is ordered to produce the contact information without allowing putative class members an opportunity to opt-out. Any privacy concerns should be ameliorated by the stipulated protective order currently in effect.

Plaintiff is advised that Defendant is permitted to communicate with its existing employees.

## IV.   CONCLUSION

In light of the foregoing, Defendant is ordered to produce the information above for the entire putative class, and shall do so within 21 days of this order.

IT IS SO ORDERED.

Dated: March 3, 2017

KANDIS A. WESTMORE
United States Magistrate Judge