UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CHEFS' WAREHOUSE,<br><br>　　　　Defendant. | Case No. 3:15-cv-05421-RS  (KAW)<br><br>**ORDER REGARDING 1/30/17 JOINT LETTER RE REQUESTS FOR PRODUCTION OF DOCUMENTS 7, 41 & 59**<br><br>Re: Dkt. No. 58 |

On January 30, 2017, the parties filed a joint letter concerning Plaintiffs' Requests for Production Nos. 7, 41, and 59, which seek pay and time records for Plaintiffs and putative class members during the relevant time period. (Joint Letter, Dkt. No. 58.) Defendant only produced responsive documents pertaining to the named plaintiffs. Plaintiffs argue that documents pertaining to the putative class are necessary to determine whether class certification requirements are met. (Joint Letter at 1.)

Upon review of the joint letter, and for the reasons set forth below, the Court orders Defendant to produce responsive documents for a 25% sample of the putative class.

## I.　BACKGROUND

Plaintiffs Shoan Robinson and Sean Clark assert individual and class action claims against Defendant The Chef's Warehouse West Coast, LLC, alleging wage and hour violations, as well as various discrimination claims. The proposed class consists of "[a]ll persons employed by Defendant [ ] in the State of California as a Driver, Driver Trainer, or Dispatcher at any time on or after October 26, 2011." (Second Am. Compl. ¶ 24.) Defendant previously represented that there are approximately 100 putative class members. (Dkt. No. 57 at 2.)

In its supplemental responses to the requests for production, dated November 16, 2016, Defendant offered to provide a "sampling of putative class members' " time records


"for the time period of June 25, 2014 to present" with identifying information redacted. (*See* Joint Letter at 1, Ex. 2 at 2.)  Thereafter, Defendant reneged on the agreement after consulting with its expert regarding the size of the class. (Joint Letter at 2.)

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Discovery need not be admissible to be discoverable. *Id.*  The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

## III.     DISCUSSION

Plaintiffs seek to compel the production of pay and time records despite an apparent inability to make a prima facie showing that they can satisfy the requirements for class certification under Federal Rule of Civil Procedure 23.  Plaintiff argues that the discovery is necessary to determine whether certification requirements are met, including typicality and commonality. (Joint Letter at 1.)

**A.     Request for Production No. 7**

Request No. 7 seeks the production of "All TIME CARDS referencing PLAINTIFF or CLASS MEMBERS during the CLASS PERIOD." (Joint Letter, Ex. 1 at 1.) Defendant answered subject to its objections, and stated that it "offered to produce a sampling of putative class members' time cards for the time period of June 25, 2014 to the present with names and other identifying information, including contact information, redacted (id number only)." (Joint Letter, Ex. 2 at 2.) Defendant reiterates the same arguments that it did in the other January 30, 2017 joint letter, which concerned Interrogatory No. 2. (Dkt. No. 57.)  Namely, that both plaintiffs lack typicality due to declarations they filed in the *Chicas* matter, and that neither named plaintiff can serve as a class representative because their claims must be dismissed pursuant to the Motor Carrier Exemption. (Joint Letter at 2-3.) The Court found neither argument availing for the reasons set forth in that order, and hereby incorporates that analysis herein. (*See* 3/3/17 Order re: Interrogatory No. 2, Dkt. No. 72.)

Furthermore, the Court understands that Defendant had previously agreed to produce discovery for the entire class period despite the *Chicas* settlement, but its supplemental responses now attempt to limit their responsive documents to the period after *Chicas*, which is June 25, 2014. (*See* Dkt. No. 34 at 3.)  At first blush, this appears to be gamesmanship on Defendant's part, and the Court does not look kindly on this type of conduct, which surely runs afoul of the Northern District's Guidelines for Professional Conduct.

In light of the foregoing, the Court orders Defendant to produce responsive documents insofar as they are proportional to the needs of the case, and finds a 25% sample to be fair and proportional.  The Court does not believe Defendant's claim that producing the information for 25% of approximately 100 current and former employees would be unduly burdensome. (*See* Joint Letter at 3.) The sample shall be random, and the parties are ordered to meet and confer regarding how the sample should be selected.  Defendant is ordered to produce the documents generally without redaction, with the exception of social security numbers, as general privacy concerns should be ameliorated by the stipulated protective order currently in effect.  The Court does not have the benefit of knowing what other information is contained in these documents, so to the

1  extent that Defendant believes that other information should be redacted, the parties shall meet and

2  confer in good faith before seeking further court intervention.

### B.   Request for Production No. 41

Request No. 41 seeks the production of
> All DOCUMENTS RELATING TO payroll records for an all DOCUMENTS that set forth a record of the time worked by PLAINTIFF or CLASS MEMBERS for YOU, including but not limited to payroll data, actual compensation records, pay stub records, verification of payment for services rendered, time cards, login/out records, sign-in/out sheets, time sheets, work schedules, security tapes, sales/job tickets, computer logs, alarm records, or reports.

(Joint Letter, Ex. 1 at 2.) Defendant again answered subject to objection and "offered to produce a sampling of putative class members' schedules, time cards, and wage statements for the time period of June 25, 2014 to the present with names and other identifying information, including contact information, redacted (id number only)." (Joint Letter, Ex. 2 at 4.)

Both sides incorporated by reference their positions made in connection with Request for Production No. 7. Accordingly, the Court orders Defendant to produce a 25% sample of documents responsive to Request No. 41, and to do so without redacting identifying information other than social security numbers. The sample shall consist of the same individuals whose documents are produced by way of random sample in connection with Request No. 7.

### C.   Request for Production No. 59

Request No. 59 seeks "All DOCUMENTS RELATING TO when any PLAINTIFF or CLASS MEMBERS took meal periods during work shifts for DEFENDANT." (Joint Letter, Ex. 1 at 3.) Defendant answered subject to objection and "offered to produce a sampling of putative class members' time cards for the time period of June 25, 2014 to the present with names and other identifying information, including contact information, redacted (id number only)." (Joint Letter, Ex. 2 at 6.)

Both sides again incorporated by reference their positions made in connection with Request for Production No. 7. Accordingly, the Court orders Defendant to produce a 25% sample of documents responsive to Request No. 59, and to do so without redacting identifying information other than social security numbers. Again, the sample shall consist of the same

individuals whose documents are produced by way of random sample in connection with Request No. 7.

### IV. CONCLUSION

As set forth above, Defendant is ordered to produce the responsive document for the 25% sample within 21 days of this order.

IT IS SO ORDERED.

Dated: March 3, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge