Michele J. Beilke (State Bar No. 194098)
mbeilke@reedsmith.com
Julia Y. Trankiem (State Bar. No. 228666)
jtrankiem@reedsmith.com
Sonya D. Goodwin (State Bar No. 281005)
sgoodwin@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2800
Los Angeles, California 90071
Telephone: 213.457.8000
Facsimile: 213.457.8080

*Attorneys for Defendant*
THE CHEFS' WAREHOUSE WEST
COAST, LLC, erroneously sued as THE
CHEFS' WAREHOUSE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHEFS' WAREHOUSE, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 15-cv-05421-RS (KAW)<br><br>[Civil L.R. 7-9]<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN PURSUANT TO FRCP 30(d)(2) AND 28 U.S.C. § 1927**<br><br>Re: Doc. Nos. 59-63; 78<br><br>Date: June 1, 2017<br>Time: 2:00 p.m.<br>Courtroom: Oakland Courthouse<br>Judge: Hon. Kandis A. Westmore<br><br>Trial: None Set |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL ARGUMENT | 4 |
| | A. Chefs' Warehouse Exercised Due Diligence but the New Evidence Was Not Available to Chefs' Warehouse Prior to the March 16 Hearing. | 4 |
| |     1. Plaintiffs' Counsel's Lie to the Court Was Not Discoverable Until After the Hearing. | 4 |
| |     2. Chefs' Warehouse Exercised Due Diligence in its Search for Disciplinary Actions Against Michael Hoffman Prior to the Hearing. | 5 |
| | B. The Requested Sanctions Are Appropriate Given Plaintiffs' Counsel's Conduct. | 8 |
| III. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*B.K.B. v. Maui Police Dep't.*,
  276 F.3d 1091 (9th Cir. 2002) .............................................................................. 10

*Concat LP v. Unilever, PLC*,
  350 F. Supp 2d 796 (N.D. Cal. 2004) ...................................................................... 9

*People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*,
  20 Cal. 4th 1135 (1999) .......................................................................................... 9

*Evans v. Sun Life Health Ins. Co.*,
  2013 U.S. Dist. LEXIS 192462 (C.D. Cal. Mar 22, 2013) ...................................... 6

*Fay Corp. v. BAT Holdings I, Inc.*,
  651 F. Supp. 307 (W.D. Wash. 1987) ..................................................................... 6

*Frederick S. Wyle Professional Corp. v. Texaco, Inc.*,
  764 F.2d 604 (9th Cir. 1985) ................................................................................... 6

*Hoffman v. Calder*,
  Case No. CGC 13-533961 ....................................................................................... 6

*Jane Doe v. Hoffman*,
  Case No. CGC-13-528939 (Cal. Super. Ct. Apr. 2, 2014) ............................. 1, 6, 8

*Martinez v. Dynalectric Co.*,
  Case No. CGC-08-478110 (Cal. Super. Ct. 2010) .................................................. 7

*Reynoso v. State of California*,
  Case No. 05AS03030 (Cal. Super. Ct. Sept. 9, 2008) ............................................. 7

*School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ..................................................................................... 6

*State Comp. Ins. Fund v. Drobot*,
  192 F. Supp. 3d 1080 (C.D. Cal. 2016) ................................................................... 1

*U.S. v. Hinkson*,
  585 F.3d 1247 (9th Cir. 2009) ............................................................................. 4, 7

*Walker v. Hoffman,*
   583 F.2d 1073 (9th Cir. 1978) ...................................................................................... 6

**Rules**

N.D. Cal. Civ. Local Rule 11-4(a)(1) ................................................................................ 9

DEFENDANTS' REPLY ISO MOTION FOR RECONSIDERATION OF DEFENDANTS'
MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN

## I. INTRODUCTION

As is his wont, Michael Hoffman comes back swinging despite a record that shows unmistakably that he should not be permitted the privilege of appearing at depositions in this case.

The issue before the Court is not whether "Mr. Hoffman's conduct is completely and utterly unjustifiable and troubling"; **the Court already decided this in its Order**. *See* Order Granting in Part and Denying In Part Defendant's Motion for Sanctions; Order Referring Michael Hoffman to the Standing Committee on Professional Conduct for Disciplinary Proceedings, Dkt. No. 78, at 19:9-10. Instead, the issue is whether **Chefs' Warehouse** has the right to choose its counsel. And understandably, the new evidence, which includes a threatening voice mail and at least five instances where Mr. Hoffman physically and emotionally abused women inside and outside of the courtroom over the course of a decade, shows that Mr. Hoffman cannot be deterred at all – and certainly not by the presence of a judge, marshal, bailiff, or jury – in front of whom he has committed some of his misconduct.

After receiving the new evidence, Chefs' Warehouse's lead trial counsel Michele J. Beilke understandably fears for her safety if she has to be in close proximity and in the same room as Mr. Hoffman – and this fear will negatively affect her ability to effectively represent Chefs' Warehouse at the depositions. Chefs' Warehouse should not lose its own right to the counsel of its choice because of Mr. Hoffman's conduct – and particularly because, by Mr. Hoffman's own admission, he cannot control his "primal" self and acts "out of body." Statement of Decision After Court Trial, *Jane Doe v. Hoffman*, Case No. CGC-13-528939 (Cal. Super. Ct. Apr. 2, 2014), Declaration of Michele J. Beilke In Support of Defendants' Reply In Support of Defendants' Motion for Reconsideration ("Beilke Decl."), ¶4, Exh. A, at 3:14-17; *see State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1087-88 (C.D. Cal. 2016) ("[t]he important right to counsel of one's choice must

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' REPLY ISO MOTION FOR RECONSIDERATION OF DEFENDANTS'
MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN

yield to ethical considerations that affect the fundamental principles of our judicial process." (internal quotations omitted))

Moreover, the new evidence shows that Mr. Hoffman is not the only attorney who can handle the depositions in this case. During the March 16, 2017 hearing on Defendants' Motion for Sanctions, Mr. Hoffman and Mr. Emma unequivocally stated multiple times that Mr. Hoffman is the *only* attorney at Hoffman Employment Lawyers able to take and defend depositions in this case. On that basis, at least in part, the Court presumably denied Defendant's request to preclude Mr. Hoffman from taking and defending future depositions in this case. Just one of the many exchanges between Plaintiffs' counsel and the Court is as follows:

> THE COURT: Okay. All right. And is there anyone else in your office who could take depositions, defend depositions?
>
> MR. EMMA: *No, Mr. – Mr. Hoffman is the deposition attorney*, and – and in – and this is in a single firm with partners and associates in this co-counsel relationship.
>
> THE COURT: Hmm.
>
> Okay. All right. Thank you.
>
> *So that doesn't sound like an option.*

Transcript of Hearing on Defendant's Motion for Sanctions Against Attorney Michael Hoffman, Dkt. No. 95, Exh. A, at 40:5-13 (emphasis added). Despite Mr. Hoffman's and Mr. Emma's insistence that Mr. Hoffman is the only attorney able to take and defend depositions in this case[1], on April 18, 2017 Mr. Ilg, Plaintiffs' attorney of record, stated that he and Mr. Emma were *able and willing* to "conduct and defend all depositions." Declaration of Michele J. Beilke In Support Of Defendants' Motion for Reconsideration, Exh. D (Dkt. No. 85-5). It does not matter why Plaintiffs' counsel offered for Mr. Ilg and

---

[1] In fact, at one point during the hearing Mr. Hoffman "promised" that "if it's not going to be me, then Shaon Robinson needs to find himself another lawyer because these people that I work with in my office will not be doing this work [taking and defending depositions] for Mr. Robinson." Dkt. No. 95, Exh. A, at 30:10-13.

– 2 –

DEFENDANTS' REPLY ISO MOTION FOR RECONSIDERATION OF DEFENDANTS'
MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN

Mr. Emma to conduct the depositions.[2] What matters here is that Mr. Hoffman and Mr. Emma misrepresented to the Court that the other attorneys of record could not take depositions in this case when, in fact, they are able and willing to do so. This new evidence, on its own, is enough for the Court to reconsider Defendants' Motion for Sanctions and preclude Mr. Hoffman from taking and defending any depositions in this case.

The Court also should reconsider Defendants' Motion given that it now is on notice of multiple instances involving Mr. Hoffman's prior hostile, offensive, and threatening conduct towards women, which Chefs' Warehouse discovered only after the Court issued its Order, despite due diligence in searching for Mr. Hoffman's disciplinary records. Notably, a search in court records for cases involving Mr. Hoffman as a party would not have uncovered the *Reynoso* and *Martinez* cases or Barbara Figari's letter to the California State Bar because Mr. Hoffman was not a named party in those cases. Also, notably, Mr. Hoffman submitted a defiant opposition that is incredulous in light of this history, which he fully knew yet never mentioned to the Court.

That Mr. Hoffman conveniently participated in sensitivity training after Defendants filed their Motion for Reconsideration and two days before he filed his Opposition does not erase Mr. Hoffman's deplorable history of his abusive conduct towards Ms. Beilke and other women. The new evidence further demonstrates that Mr. Hoffman cannot control his anger, both inside and outside the court room. Sensitivity training on one occasion – after initially defiantly declaring that the opposing counsel was in the wrong and admitting wrongdoing only after the Court forced him to – does not mean that Mr. Hoffman will refrain from engaging in similar conduct in the near future. The type of conduct that Mr.

---

[2] Plaintiffs are playing games with this Court. If Plaintiffs had a genuine concern about their class certification deadline, they would have responded to Defendants' request for depositions to proceed without Mr. Hoffman back on February 10, 2017. Beilke Decl., ¶5. With another attorney in attendance, these depositions could have proceeded long ago. Nor would Plaintiffs, had they been genuinely concerned about their class certification deadline, have made a qualified offer related to the depositions, making their offer contingent on any prerequisite.

– 3 –

Hoffman has displayed confirms that a single session of sensitivity training is unlikely to produce the kind of transformation that Mr. Hoffman suggests.

For these reasons, and the reasons set forth in Defendants' Motion for Reconsideration, Chefs' Warehouse respectfully requests that this Court reconsider the Motion for Sanctions Against Attorney Michael Hoffman and preclude Mr. Hoffman from taking and defending all depositions in this case.

## II. <u>LEGAL ARGUMENT</u>

### A. <u>Chefs' Warehouse Exercised Due Diligence but the New Evidence Was Not Available to Chefs' Warehouse Prior to the March 16 Hearing.</u>

Local Rule 7-9 requires a party moving for reconsideration of an interlocutory order on the basis of new evidence to "show that in the exercise of *reasonable diligence* the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." (emphasis added); *see U.S. v. Hinkson*, 585 F.3d 1247, 1285 (9th Cir. 2009) (when analyzing whether party exercised diligence to discover new evidence in motion for new trial, "the court must ask whether it was unreasonable for the defense to have failed to discover the evidence more promptly." (citation omitted)). "All that is required is ordinary diligence, not the highest degree of diligence." *Hinkson*, 585 F.3d at 1295. Here, Chefs' Warehouse has met its burden.

#### 1. <u>Plaintiffs' Counsel's Lie to the Court Was Not Discoverable Until After the Hearing.</u>

As Plaintiffs' counsel points out in the Opposition, Chefs' Warehouse argued in its original Motion for Sanctions that Mr. Emma and Mr. Ilg were capable of taking and defending depositions in this case. And the Court considered, as an option for relief, requiring these attorneys to conduct future depositions, until Mr. Hoffman and Mr. Emma repeatedly stated that Mr. Hoffman was the *only* attorney able to conduct the depositions.

> And so it sound (*sic*) like Mr. Hoffman is saying that it's not an option to have someone from his office take the

– 4 –

DEFENDANTS' REPLY ISO MOTION FOR RECONSIDERATION OF DEFENDANTS'
MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN

> depositions. And I'm not in a position to say that the other
> attorneys in his office are *able to* – I can't order them to do it.
> I don't know anything about his business arrangement with
> those lawyers.

Dkt. No. 95, Exh. A, at 34:15-20; *see also Id.* at 40:5-13 (when questioned whether any other attorneys could take or defend depositions, Mr. Emma responded, "No, Mr. – Mr. Hoffman is the deposition attorney" and the Court responded, "so that doesn't sound like an option").

It was not until after the hearing that Chefs' Warehouse would have had any reason to disprove Plaintiffs' counsel's statements by searching for their qualifications. Additionally, on April 18, 2017, over a month after the hearing in which they insisted that Mr. Hoffman was the only attorney able to conduct depositions, Plaintiffs' counsel admitted that Mr. Emma and Mr. Ilg were able and willing to "conduct and defend all depositions" in this case. Dkt. No. 85-5. This is, unquestionably, new *material* evidence that was not available to Chefs' Warehouse at the time of the hearing. This information was solely in the possession of Plaintiffs' counsel at the time of the hearing, and even though they were questioned about it at the hearing, they failed to disclose this very important fact that may have resulted in a different ruling by the Court – that Mr. Emma and Mr. Ilg are able and willing to take and defend depositions. Yet, Mr. Hoffman does not address at all the stark contradiction between the representations at the hearing and the subsequent offer to have Mr. Emma and Mr. Ilg take the depositions.

### 2. Chefs' Warehouse Exercised Due Diligence in its Search for Disciplinary Actions Against Michael Hoffman Prior to the Hearing.

This is a unique situation where it is not the party's conduct at issue – it is that of an attorney. Chefs' Warehouse should not have been expected to search every jurisdiction throughout California for every case involving Mr. Hoffman as an attorney of record

DEFENDANTS' REPLY ISO MOTION FOR RECONSIDERATION OF DEFENDANTS'
MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN

before filing a straightforward motion for sanctions based on gross misconduct at a deposition. All of the cases cited to in the Opposition are distinguishable. Unlike the cases cited by Mr. Hoffman in his Opposition, the new evidence proffered here was not in Chefs' Warehouse's possession and could not have been discovered with due diligence.[3] This is particularly so since the information was more readily available to Mr. Hoffman, and as an officer of the Court, he arguably was duty-bound to volunteer it. Instead, he submitted an opposition whose defiant tone is stunning in light of the newly discovered information that he knew when he submitted that opposition.

In its moving papers, Chefs' Warehouse explained that the "library staff employees and the attorneys on this matter diligently searched for prior disciplinary action issued against Plaintiffs' counsel Michael Hoffman and other orders awarding sanctions." Dkt. No. 85-1, ¶ 7. Additionally, Chefs' Warehouse's attorneys and its library staff searched the State Bar website and other legal sources for disciplinary actions, but no records or orders were found.[4] *Id.*

All of the new evidence (with the exception of the two civil cases, *Hoffman v. Calder*, Case No. CGC 13-533961, and *Jane Doe v. Hoffman*, Case No. CGC-13-528939

---

[3] *See Walker v. Hoffman*, 583 F.2d 1073 (9th Cir. 1978) (appeal of the court's granting of summary judgment, not a motion for reconsideration); *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (The School District unquestionably had the "new evidence" in its possession prior to the hearing, as it was ordered to produce the documents in a discovery dispute.); *Frederick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 607-608 (9th Cir. 1985) (at the hearing on the motion for reconsideration, the trustee conceded that the "material in the new affidavits was available at the time of the original summary judgment hearing."); *Evans v. Sun Life Health Ins. Co.*, 2013 U.S. Dist. LEXIS 192462, at *7-8 (C.D. Cal. Mar 22, 2013) (The new evidence went to the merits of the case, and Court reasoned that Sun Life "did not conduct formal discovery on the issue, did not attempt to supplement the administrative record, and did not move, prior to trial, to have extrinsic evidence on the subject considered at trial."); *Fay Corp. v. BAT Holdings I, Inc.*, 651 F. Supp. 307, 308 (W.D. Wash. 1987) ("New" evidence was an affidavit that proffered a new theory of the defendant's case that was available to the defendant at the time of the original ruling.).

[4] Defendants used Bloomberg Law and Westlaw to search for disciplinary records concerning Mr. Hoffman, and contacted the California State Bar. Additionally, even after Ms. Beilke was informed by anonymous sources about Mr. Hoffman's prior conduct, when the library staff and attorneys ran a party search for Mr. Hoffman, using variations of his name, none of the cases other than *Jane Doe v. Hoffman*, No. CGC-13-528939 (Cal. Super. Ct. Feb. 22, 2013), appeared in the search results.

— 6 —

(Cal. Super. Ct. Feb. 22, 2013), would not have been uncovered even with due diligence. In *Reynoso v. State of California*, Case No. 05AS03030 (Cal. Super. Ct. Sept. 9, 2008) and *Martinez v. Dynalectric Co.*, Case No. CGC-08-478110 (Cal. Super. Ct. 2010), Mr. Hoffman was the attorney, not a party. It is unreasonable to expect Chefs' Warehouse to search through 25 years' worth of cases where Mr. Hoffman was the attorney to find any and all orders mentioning him or his misconduct; the law does not require such high standards of diligence. *See U.S. v. Hinkson*, 585 F.3d 1247, 1285 (9th Cir. 2009). Additionally, while defense counsel did search for sanctions against Mr. Hoffman, these cases did not appear in the search results. Dkt. No. 85-1, ¶ 7. Finally, Barbara Figari's letter to the State Bar of California is not a matter of public record and therefore could not have been discovered with due diligence prior to the hearing.

These three records concerning Mr. Hoffman's prior threatening and abusive conduct were provided to Ms. Beilke from anonymous sources after the Court's Order was publicized on *Law360*. *Id.*, ¶¶ 8, 9, 13. As explained above, they could not have been discovered, even in the exercise of due diligence, prior to the hearing on March 16. Therefore, the Court should consider this new evidence and preclude Mr. Hoffman from taking and defending depositions in this matter.[5]

---

[5] Additionally, although Mr. Hoffman states in his Declaration in support of his Opposition that he had nothing to do with the threat to Ms. Beilke, the demeaning language towards women that Mr. Hoffman repeatedly used in the past is **exactly the same** demeaning language used in the voice message, and as such, this is circumstantial evidence that Mr. Hoffman may have been involved in the voice message. As such, if Mr. Hoffman continues to insist he be afforded the privilege of taking depositions in this case, the Court should place the burden of proof on him to establish that he did not leave this voice mail and should require him to submit to examination by the court and cross-examination by Defendants under oath on the record. Defendants also request that the Court order Mr. Hoffman, Mr. Ilg, and Mr. Emma to provide their telephone records for the date of the voice mail (March 24, 2017) for all of their phones (e.g. work, cellular, and home) for an in camera review to take place on June 1, 2017. Additionally, Mr. Hoffman was allegedly out of the country from March 21 through April 30, 2017. Defendants also request that the Court order the telephone records be produced from the location where Mr. Hoffman was staying on March 24, 2017.

## B. The Requested Sanctions Are Appropriate Given Plaintiffs' Counsel's Conduct.

Contrary to Mr. Hoffman's statements that less drastic sanctions are available, precluding Mr. Hoffman from taking and defending depositions in this matter is the only appropriate remedy. All of the new evidence, coupled with the evidence previously brought before the Court, demonstrates that Mr. Hoffman has had difficulties controlling his abusive and hostile behavior for at least a decade, if not more – and has resulted in Mr. Hoffman being found liable, in at least one case, for assault, battery and sexual battery, intentional infliction of emotional distress, gender violence, false imprisonment, and negligent infliction of emotional distress. *See* Statement of Decision After Court Trial, *Jane Doe v. Hoffman*, Case No. CGC-13-528939 (Cal. Super. Ct. Apr. 2, 2014), Beilke Decl., ¶4, Exh. A.[6]

Now, more than ever, Ms. Beilke and Lori Mulcare reasonably fear for their safety if they are forced to be in the same room as Mr. Hoffman given the information they have learned about his violent behavior in front of a judge, a bailiff, and a marshal, as well as in front of a jury. Beilke Decl., ¶2. Ms. Beilke legitimately believes that she has been terrorized by Mr. Hoffman. *Id.* at ¶3. She has had 24-hour security for weeks and it has adversely impacted her family. *Id.* Mr. Hoffman's conduct has also impacted Ms. Beilke's ability to perform her job. *Id.* She refuses to be in the same room as Mr. Hoffman during a deposition. *Id.* Plaintiffs' counsel argues that Plaintiffs have a right to choose their own counsel, but so too does Chefs' Warehouse. Chefs' Warehouse should not be deprived of having its counsel of record effectively take and defend depositions in this case

---

[6] According to the Court's Ruling, Mr. Hoffman "volunteered on cross-examination that he is probably a 'mysoginist,' He testified that he often does not know his own strength and . . . he can get 'primal' and 'out of body.'" *See* Statement of Decision After Court Trial, *Jane Doe v. Hoffman*, Case No. CGC-13-528939 (Cal. Super. Ct. Apr. 2, 2014), Beilke Decl., ¶ 4, Exh. A, at 3:14-17. This further supports Defendants' contention that Mr. Hoffman is a legitimate safety risk with an inability to control himself and that Ms. Beilke and Ms. Mulcare have a reasonable fear for their safety.

– 8 –
DEFENDANTS' REPLY ISO MOTION FOR RECONSIDERATION OF DEFENDANTS'
MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN

because of her reasonable fear of her safety stemming from Mr. Hoffman's outrageous conduct.

When deciding whether certain sanctions that impact a party's right to choose their counsel, such as precluding counsel from participating in depositions, are appropriate, a judge must weigh "the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1145–46 (1999).[7] "The paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar. **The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process**." *Id.*; *Concat LP v. Unilever, PLC*, 350 F. Supp 2d 796, 814 (N.D. Cal. 2004). Thus, in the interest of justice, the Court should order that Mr. Hoffman is precluded from taking all future depositions in this case because he completely and utterly disregarded his obligations to comply with the ethical standards of professional conduct.

The new evidence also shows that even though Mr. Hoffman has been ordered to conduct depositions in a courtroom in the presence of a discovery referee, his abusive tactics have not changed (and arguably have gotten worse). It is clear from this new evidence that Mr. Hoffman needs more than just one day of sensitivity training to learn how to properly conduct himself inside and outside the courtroom.

Moreover, Plaintiffs' counsel cannot deny that on April 18, 2017, they offered to have Mr. Ilg and Mr. Emma "conduct and defend" all of the depositions in this case. Dkt. No. 85-5. Yet they now argue that if the Court orders this exact remedy, Plaintiffs will be prejudiced. Dkt. No. 93, at 13:11-12. Plaintiffs' counsel cannot have it both ways. This is not a motion for terminating sanctions, so the "public policy favoring disposition of cases

---

[7] District Courts in this district apply California law when deciding issues regarding conduct of counsel because, "[p]ursuant to Local Rule 11, every attorney before this Court must 'comply with the standards of professional conduct required of the members of the State Bar of California.'" *Concat LP v. Unilever, PLC*, 350 F. Supp 2d 796, 814 (N.D. Cal. 2004) (quoting N.D. Cal. Civ. Local Rule 11-4(a)(1).)

– 9 –

on their merits" is not at issue. Dkt. No. 93, at 13:13-15. Plaintiffs are not deterred in having their case heard on the merits. They hired Mr. Hoffman, Mr. Ilg, and Mr. Emma to represent them. Just as Mr. Ilg and Mr. Emma would have conducted all of the depositions in this case if Chefs' Warehouse agreed to their stipulation, they can conduct all of the depositions pursuant to a Court order.

Furthermore, the additional monetary sanctions requested by Chefs' Warehouse in its Motion for Reconsideration is an appropriate remedy. It is not a new request for sanctions, but rather, an extension of the request for monetary sanctions set forth in their original Motion for Sanctions pursuant to 28 U.S.C. §1927. By repeatedly misrepresenting to the Court that Mr. Hoffman is the only attorney who can take and defend depositions in this case, and then offering to have Mr. Ilg and Mr. Emma take and defend all future depositions, Plaintiffs' counsel undoubtedly acted in bad faith and unreasonably multiplied the proceedings in this case, thus warranting monetary sanctions to pay for the costs and attorneys' fees associated with filing Defendants' Motion for Reconsideration. *B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091, 1107 (9th Cir. 2002).

### III. CONCLUSION

For the reasons stated above, and for the reasons stated in the moving papers, Chefs' Warehouse request that this Court grant Defendants' Motion for Reconsideration of Defendants' Motion for Sanctions Against Attorney Michael Hoffman Pursuant to FRCP 30(d)(2) and 28 U.S.C. §1927, and preclude Mr. Hoffman from taking or defending all

DEFENDANTS' REPLY ISO MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST ATTORNEY MICHAEL HOFFMAN

depositions in this case. Additionally, Chefs' Warehouse requests that the Court order Mr. Hoffman and Mr. Emma to pay the costs and attorneys' fees it incurred in filing the instant motion pursuant to 28 U.S.C. §1927.

DATED: May 12, 2017

Respectfully submitted,

REED SMITH LLP

By:   */s/ Julia Y. Trankiem*
     Julia Y. Trankiem
     Attorneys for Defendants
     THE CHEFS' WAREHOUSE, INC. and
     THE CHEFS' WAREHOUSE WEST
     COAST, LLC