# EXHIBIT A



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet
Apr-02-2014 05:32 pm

Case Number: CGC-13-528939

Filing Date: Apr-02-2014 05:31 pm

Filed by: LINDA FONG

Juke Box: 001    Image: 04432732

STATEMENT OF DECISION

JANE DOE VS. MICHAEL ROBERT HOFFMAN et al

001C04432732

**Instructions:**
Please place this sheet on top of the document to be scanned.

F I L E D
Superior Court of California
County of San Francisco

APR 02 2014

CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

County of San Francisco

Department No. 318

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>Vs.<br><br>MICHAEL ROBERT HOFFMAN,<br><br>    Defendant. | Case No.: CGC-13-528939<br><br>STATEMENT OF DECISION AFTER COURT TRIAL |

   This case came on for trial before me beginning on February 20, 2014. Plaintiff Jane Doe was represented by counsel Todd P. Emanuel of Emanuel Law Group. Defendant Michael Robert Hoffman was represented by counsel Chad Pradmore of Employment Lawyers. Plaintiff was sometimes referred to during trial by her true first name, "Alyssa."

The Court heard live testimony of witnesses on February 20, 21, 24, and 25, 2014; received and reviewed documentary evidence; heard oral argument from counsel; and received pre- and post-trial briefs, all of which were considered in making this decision. The Court issued a Tentative Decision and Proposed Statement of Decision After Court Trial on March 12, 2014. No objections were filed.

Plaintiff and Defendant met on Craig's List in November 2010. Defendant placed an ad entitled "Older Alpha for Sexy Younger...." (Trial Exhibit ("Ex.") 1.). Plaintiff responded to the ad. Over the course of approximately four months, they exchanges text messages, emails, and telephone calls. Each person texted photographs. Defendant sent plaintiff three explicit videos.

The text messages contained explicit sexual content and photographs. (Exs. 2, 3, 11, 101, 103, 104.) Defendant's text messages included photographs of his genitals. Plaintiff sent Defendant photographs of herself in mesh transparent underwear, including a photo where she was naked and wearing a collar attached to a leash. Plaintiff and Defendant communicated explicitly about having sex, including "rough" sex. (See, e.g., Ex. 3(b).) In the early morning hours of March 1, 2011, Defendant sent Plaintiff three videos showing him having sex with other women. Plaintiff testified that these videos depicted sexual acts that she was willing to engage in. Somewhere between 1 a.m. and 3 a.m., she got in her car and drove from the East Bay to Defendant's apartment in San Francisco intending to have sex with him.

The encounter in Defendant's apartment lasted less than 15 minutes. Plaintiff admits that for a short while they engaged in consensual sexual acts. But then she told him to stop. He didn't. Defendant held her against her will, grabbed her breasts hard, and choked her. She felt pressure and pain on the middle front area of her neck and on the left and right sides. For a week, it hurt to turn her head.

Defendant contends that the sexual encounter between Plaintiff and himself was no different from what was depicted on the explicit videos he sent her before their encounter. I credit the testimony of Plaintiff that Defendant's acts on March 1, 2011 went beyond the apparently consensual hair pulling, slapping, and tearing off of clothes on the videos. In any event, once Plaintiff said to stop, Defendant was obligated to do so.

Defendant contends that Plaintiff consented to the actions that occurred between them. The Court did not find Defendant's testimony credible for several reasons. It was undisputed that Plaintiff left Defendant's apartment with hardly (if any) clothes on from the waist down, and a half torn off top. She went into the public hallway of the apartment building, rode the elevator down seven stories, and ran to her parked car. Plaintiff's flight with barely any clothes on is consistent with her testimony that she wanted to get out fast, and that Defendant was refusing to let her go.

Further, Defendant testified that Plaintiff was "not down" with the sexual activity, meaning, according to Defendant, that she was not actively participating. Defendant volunteered on cross-examination that he is probably a "misogynist." He testified that he often does not know his own strength and that during past sexual encounters, he can get "primal" and "out of body."

The way Defendant looked, acted and spoke while testifying, and his attitude about the case and giving testimony also caused the Court not to credit his version of events. (See CACI 5003.) Defendant was volatile and argumentative with Plaintiff's counsel. His answers were often long-winded, non-responsive, erratic, and angry. Further, Defendant's testimony was impeached repeatedly by simple answers to interrogatories and requests for admission which he had signed and prepared less than six months ago. (See, e.g., Exhibit 7, Request for Admissions, requests 10, 11, 18, 27, and 44.) Defendant tried to minimize the inconsistencies between

testimony and discovery responses, but this was unconvincing since he signed the verifications and personally signed the discovery responses as the preparer.

Further, the Court is not persuaded by Defendant's contention that his young children were asleep in their room in his apartment and they would have awoken if Plaintiff had screamed, as she asserted. Defendant called his former wife to testify about their shared custody schedule, the likelihood that the children were at Defendant's house that evening, and the light sleeping habits of one of his children. Even if the children were at the other end of the apartment, behind a closed door, it is only speculation that they would have come out of their rooms to confront the voice of an unknown adult.

The Court finds that Plaintiff withdrew her prior consent to Defendant's rough physical and sexual contact. She attempted to grab her purse and leave the apartment. From that point, she fought and resisted Defendant, and emphatically begged him to let her go. Defendant would not. He assaulted and battered her, restrained her, and forced her to allow him to perform oral sex as a condition of letting her leave.

Defendant contends that Plaintiff's testimony is inconsistent with prior testimony at a criminal preliminary hearing and with statements she made to police and social workers. The Court did not find the testimony inconsistent in any material way. Further, to the extent that it differed, it was not a basis to disregard the testimony of Plaintiff, whose testimony the Court found credible. Plaintiff testified in a straightforward manner in responding to questions from her own counsel and from defense counsel. She did not attempt to minimize what she had consented to doing with Defendant.

Based on all the evidence, the Court finds that Plaintiff has met her burden of establishing the following causes of action by a preponderance of the evidence: first cause of action for assault; second cause of action for battery; third cause of action for intentional

1  infliction of emotional distress; fourth cause of action for sexual battery; fifth cause of action for
2  gender violence under Civil Code Section 52.4; sixth cause of action for violation of Civil Code
3  51.7; seventh cause of action for false imprisonment, ninth cause of action for negligent
4  infliction of emotional distress. Plaintiff has withdrawn the request for a decision regarding the
5  eighth cause of action for sexual assault and battery.

     Plaintiff seeks damages. Plaintiff did not meet her burden of establishing any economic damages. Plaintiff had no medical expenses, and she presented no proof of future medical expenses that she is reasonably certain to need in the future. She did not miss any work and presented no proof of future lost earnings or earning capacity.

     As to noneconomic damage, Plaintiff seeks to recover for past and future physical pain and suffering. The court awards $25,000 in damages for past physical pain and suffering, including past emotional distress. Plaintiff suffered five days of physical pain from being choked, and continued to suffer anxiety, humiliation, and emotional distress from the acts to which she did not consent and her inability to leave freely when she said stop. The Court awards no amount for future pain and suffering and emotional distress. The incident occurred on March 1, 2011, approximately three years ago. Plaintiff did not establish that she is reasonably certain to suffer any such harm in the future. She has not sought treatment of any kind after three initial sessions with a social worker at San Francisco General Hospital in 2011, despite the recommendation of the social worker that she seek additional help. She was prescribed Zoloft by the social worker shortly after the incident, took a few pills, and stopped. She did not respond to the social worker's offer to assist her with a referral to no-cost services closer to Defendant's residence in the East Bay. The Court was not persuaded that Plaintiff has become an alcoholic as a result of this incident, even if her alcohol consumption has increased. Plaintiff has not sought

treatment for alcoholism. Plaintiff continues to work. She testified that her life has improved; she receives support from her family, attends church, and does "positive things."

### Conclusion

Upon the foregoing, the Court concludes that Plaintiff is entitled to compensatory damages in the amount of $25,000, and such further costs as may be permitted by law.

Plaintiff also seeks punitive damages. The trial of the punitive damage phase was bifurcated. This matter is set for further case management conference on April 21, 2014 at 9:00 a.m. in Department 318 to discuss scheduling the punitive damage phase of the trial. Counsel are requested to meet and confer in advance of April 21, 2014, and be prepared to discuss a proposed date for the bifurcated trial, time estimates, and any other pre-trial matters.

IT IS SO ORDERED.

Dated: April 2, 2014

_____
Marla J. Miller
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA
## County of San Francisco

| | |
|---|---|
| JANE DOE,<br><br>                         Plaintiff,<br><br>vs.<br><br>MICHAEL ROBERT HOFFMAN,<br><br>                         Defendant. | Case Number: CGC-13-528939<br><br>**CERTIFICATE OF MAILING**<br>(CCP 1013a (4)) |

I, Linda Fong, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On April 2, 2014 I served the attached **STATEMENT OF DECISION AFTER COURT TRIAL** by placing a copy thereof in a sealed envelope, addressed as follows:

Todd P. Emanuel, Esq.  
EMANUEL LAW GROUP  
702 Marshall Street, Suite 400  
Redwood City, CA  94063

Chad Pradmore, Esq.  
EMPLOYMENT LAWYERS  
580 California Street, Suite 1600  
San Francisco, CA  94104

and, I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco, CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practices.

Dated: April 2, 2014

T. MICHAEL YUEN, Clerk

By: _____  
Linda Fong, Deputy Clerk