UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CHEFS' WAREHOUSE,<br><br>　　　　　Defendant. | Case No. 3:15-cv-05421-RS (KAW)<br><br>**ORDER REGARDING 6/29/17 JOINT LETTER RE REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. No. 111 |

On June 29, 2017, the parties filed a joint discovery letter concerning four requests for production of documents Defendant propounded to Sean Clark. (Joint Letter, Dkt. No. 111.)[1]

Upon review of the joint letter, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, orders Plaintiff Sean Clark to supplement his responses to all four requests and to produce an amended privilege log that complies with the Federal Rules of Civil Procedure.

### I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering a number of factors. Fed. R. Civ. P. 26(b)(1). The broad scope of permissible discovery is limited by, among other things, the attorney work product doctrine. *See* Fed. R. Civ. P. 26(b)(3). "At its core, the work-product doctrine shelters the mental processes of

---

[1] Plaintiffs also appear to seek supplemental responses to a document request propounded by Shaon Robinson. (Joint Letter at 4.) This letter, however, is limited to one discovery device, Defendant's Request for Production of Documents to Sean Clark. Moreover, Mr. Robinson's dispute is not briefed by both sides in violation of the undersigned's standing order. (*See* Judge Westmore's Standing Order ¶ 13.) Therefore, the Court declines to resolve that dispute.

the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). "The work-product rule is...a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing Fed. R. Civ. P. 26(b)(3).).

Specifically, Rule 26(b)(3) states that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative ("including the other party's attorney, consultant, surety, indemnitor, or agent")." Fed. R. Civ. P. 26(b)(3)(A). To qualify for protection against discovery under this doctrine, the documents or information must: (1) "be prepared in anticipation of litigation or for trial," and (2) "be prepared by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena (Mark Torf/Torf Envt'l Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (internal quotation marks and citation omitted). The work product doctrine "shields both opinion and factual work product from discovery." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008).

Attorney work product may nonetheless be discovered if "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Even when the court finds disclosure warranted due to substantial need, it still must "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). However, even "opinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (citations omitted).

The party asserting work-product protection bears the burden of establishing the applicability of the doctrine. *Skynet Elec. Co. v. Flextronics Int'l, Ltd.*, 2013 WL 6623874, at *2 (N.D. Cal. Dec. 16, 2013).

## II. DISCUSSION

### A. Requests for Production of Documents

#### i. Request for Production No. 25

Request No. 25 seeks "All DOCUMENTS RELATING TO any COMMUNICATION(S) between YOU and any current employee of DEFENDANT regarding the subject-matter of YOUR COMPLAINT." (Joint Letter, Ex. 1 at 24.) Plaintiff has twice supplemented his response, and most recently responded, subject to an objection of attorney-client privilege, that "[r]esponsive texts may exist on an inactive cell phone." (Joint Letter, Ex. 1 at 25.) In the joint letter, Plaintiff believes that he has responded completely, and that other communications with putative class members are protected by attorney-client privilege. (Joint Letter at 2.) This position is incorrect, as class certification is required to establish an attorney-client relationship with Hoffman Employment Lawyers and putative class members. *Kullar v. Foot Locker Retail, Inc.*, 191 Cal. App. 4th 1201, 1205 (2011) (citing *Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 867, 873 (1985)).

Defendant also argues that Plaintiff's response is not complete, because he does not respond as to current employees who may not be putative class members. (Joint Letter at 1-2.) This is well taken, and Plaintiff must answer fully, even if it is to say that he has not had any communications with current employees other than the potential text messages on the inactive phone.

Accordingly, Plaintiff is ordered to further supplement his response to Request No. 25 to fully respond. If responsive documents are being withheld, he shall furnish a privilege log, which complies with the federal rules. *See* discussion, *infra,* Part II.B.

#### ii. Request for Production Nos. 27, 28, and 29

Request Nos. 27 and 28 seek "[a]ll DOCUMENTS RELATING TO any written (27) or oral (28) statement obtained from any individual regarding the subject-matter of the COMPLAINT." (Joint Letter at 2.) Request No. 29 seeks "[a]ll witness statements, declarations, or affidavits (including drafts thereof) RELATING TO any of the allegations contained in the COMPLAINT." *Id.* Plaintiff objected on a variety of grounds, including work product and privacy

3

grounds, and refused to produce any documents. (Joint Letter, Ex. 1 at 26-27.)

Here, Defendant argues that "Plaintiff has not proven that the witness statements and declarations constitute attorney work-product rather than factual witness statements. (Joint Letter at 3.) In opposition, Plaintiff only addresses the declarations from putative class members, which he contends were "prepared by counsel in anticipation of litigation and would reveal attorney tactical and strategic thoughts." (Joint Letter at 4.) The Court agrees only as to the declarations, and will not require that they be produced in advance of the class certification motion, as Defendant has not met its burden that preparing to oppose the motion for class certification is a substantial need. *See* Fed. R. Civ. P. 26(b)(3)(A).

Notwithstanding, Plaintiff does not address any other fact witness statements or other requested documents that may be responsive to these requests, and, therefore, he fails to meet his burden of establishing that the work product doctrine applies. Accordingly, Plaintiff must supplement his responses to these requests to address responsive documents that are not declarations, and, if he decides to assert the work product privilege, he must include these documents in a privilege log. *See* discussion, *infra,* Part II.B.

### B. Privilege Logs

A party meets its burden of demonstrating the applicability of attorney-client privilege or work product privilege by submitting a privilege log that identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). A party does not have to provide a description of the subject matter of each document to meet its burden. *See id.*

As an initial matter, Plaintiff requests that Defendant be ordered to produce a privilege log. (Joint Letter at 5.) The sufficiency of Defendant's responses, however, is not the subject of the joint letter, so the request is not properly before the undersigned. Accordingly, Plaintiff's request is denied.

Plaintiff's privilege log, dated June 28, 2017, however, is insufficient, as it is impossible to

4

discern whether the documents in the log are privileged based on the information provided. (*See* Joint Letter, Ex. 2.) Furthermore, there is no way to match the allegedly privileged documents to the log entries, as there are no dates, recipients or other identifying information provided. If Plaintiff seeks to include more than one document within an entry in its privilege log, this must be made clear by identifying the Bates numbers/ranges of the documents in a separate column, and the dates of the documents that have been aggregated.

Accordingly, Plaintiff is ordered to furnish a privilege log that complies with the federal rules by identifying the individuals involved, the privilege asserted, the nature of the document, all persons or entities who have been furnished with the document or informed of its substance, and the date the document was generated, prepared, or dated.

### III. CONCLUSION

For the reasons set forth above, the Court orders Plaintiff Sean Clark to provide supplemental responses to Request for Production Nos. 25, 27, 28, and 29, and an amended privilege log within 21 days of this order.

IT IS SO ORDERED.

Dated: July 7, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge