UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON,<br>    Plaintiff,<br>v.<br>THE CHEFS' WAREHOUSE,<br>    Defendant. | Case No. 3:15-cv-05421-RS (KAW)<br><br>**ORDER REGARDING 8/11/17 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 117 |

On August 11, 2017, the parties filed a joint letter concerning Defendant's request for an extension of time beyond the seven hour limit to depose named plaintiff Shaon Robinson under Federal Rule of Civil Procedure 30. (Joint Letter, Dkt. No. 117 at 1.) Plaintiffs' deadline to file their motion for class certification is August 31, 2017. *Id.* Defendant's opposition is due on October 5, 2017. *Id.*

On July 14, 2017, Mr. Robinson sat for approximately six hours of his deposition before his counsel, Leonard Emma, stated that he had to leave. (Joint Letter at 1.) On July 17, 2017, Defendant reached out to Plaintiffs to request that Mr. Robinson sit for deposition for an additional day and a half. (Joint Letter at 1.) In the course of meeting and conferring, Plaintiffs offered to produce Mr. Robinson for an additional 10 hours, five hours per day for two additional days, "if Defendant agrees that will conclude his deposition," thereby precluding Defendant from later seeking additional time from the court. (Joint Letter at 2.) "Defendants have stated that they will try to complete Plaintiff's deposition in one-seven hour day, but will not waive their right to seek an extension of time for good cause following meet and confer efforts." (Joint Letter at 1.) Plaintiffs then offered one additional day of deposition, so long as Defendant agreed not to seek additional time unless it believed that "that Plaintiff's obstructionist misconduct at the second day

of deposition prevented Defendant from completing Plaintiff's deposition within one more day of seven hours." (Joint Letter at 2.)

Rule 30 requires that the court "allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Here, Mr. Robinson is the putative class representative of a class action involving eight causes of action for various wage and hour claims. (Joint Letter at 3.) Additionally, he has alleged seven individual causes of action alleging race and disability discrimination and harassment, failure to accommodate, and failure to engage in the interactive process. *Id.* Defendant provides that it was unable to complete the examination of the class action claims during the first deposition, and did not even begin to examine Plaintiff regarding his individual claims. *Id.*

The Court finds that it is unreasonable that Plaintiffs would seek to condition the further examination of a named plaintiff, particularly in light of the large number of class and individual claims, on agreeing not to seek relief for additional time. Accordingly, Defendant is permitted the additional 10 hours of time originally offered by Plaintiffs,[1] and may seek relief from the undersigned should additional time be required to explore all of Mr. Robinson's claims. Additionally, given the looming class certification briefing schedule, Plaintiff shall sit for seven hours on the first day and three hours on the second day.

Lastly, Mr. Robinson's continued deposition is noticed for August 25, 2017. (Joint Letter at 1.) Defendant claims that "Plaintiff refuses to sit for his deposition on that date." (Joint Letter at 1.) Plaintiffs did not address Mr. Robinson's availability on the noticed date in their portion of the joint letter. The parties are reminded of their obligation to meet and confer regarding the scheduling of depositions, so the Court is confident that the parties can identify mutually agreeable dates, several weeks before Defendant's opposition to the motion for class certification is due,

///

///

---

[1] The Court presumes that 10 hours offered included the remaining hour to which Defendant is entitled under Rule 30(d)(1).

2

1 | without further court intervention. *See generally* Northern District Guidelines for Professional
2 | Conduct § 9.
3 |     IT IS SO ORDERED.
4 | Dated: August 11, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge