UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAON ROBINSON,

    Plaintiff,

    v.

THE CHEFS' WAREHOUSE,

    Defendant.

Case No. 3:15-cv-05421-RS (KAW)

**ORDER REGARDING 9/26/17 JOINT DISCOVERY LETTER**

Re: Dkt. No. 130

On September 26, 2017, the parties filed a joint discovery letter concerning the propriety of privacy objections and instructions not to answer at the deposition of Defendant's 30(b)(6) witness, Juan Carlos Rivera, which took place on August 16, 2017. (Joint Letter, Dkt. No. 130.) Plaintiffs seek to compel the responses to those questions and an order directing counsel to refrain from asserting improper objections and instructions not to answer during future depositions. (Joint Letter at 1, 4.)

Upon review of the joint letter, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below finds that counsel properly instructed Mr. Rivera not to answer in the first instance, and improperly instructed him in the latter two instances.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court. . . ." In turn, Rule 30(b)(6) provides that

> [i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with

> reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Fed. R. Civ. P. 30(b)(6). "The corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition." *Bowoto v. ChevronTexaco Corp.*, No. C 99–02506 SI, 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006) (citing *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172 (D.D.C. 2003)).

A party noticing a deposition pursuant to Rule 30(b)(6) must describe with reasonable particularity the matters on which the examination is requested. Fed. R. Civ. P. 30(b)(6). "However, the 'reasonable particularity' requirement of Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition." *UniRAM Technology, Inc. v. Monolithic Sys. Tech., Inc.*, No. C 04–1268 VRW (MEJ), 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007) (citing *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000)). "The 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify, not the maximum." *Id.* (citing *Detoy*, 196 F.R.D. at 366-67). "However, if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem." *Detoy*, 196 F.R.D. at 367 (quoting *King v. Pratt & Whitney, a Div. of United Technologies Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995))(internal quotations omitted).

During a deposition, an attorney may properly state objections "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Generally, instructions not to answer are improper. *Detoy*, 196 F.R.D. at 365 (citation omitted). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); *see also Shapiro v. Paul Revere Life Ins. Co.,* 1997 WL 601430, at *1 (N.D. Cal. Sept. 18, 1997). "If a party believes that a particular question asked of a deponent is improper for any other reason, that party may object; however, 'the examination still proceeds; the testimony is taken subject to any objection.'"*Mendez v. R+L Carriers, Inc.,* 2012 WL 1535756, at *1 (N.D. Cal. Apr. 30, 2012)

1 (quoting Fed. R. Civ. P. 30(c)(2)) (citing *Universal Trading & Inv. Co. v. Kiritchenko*, 2007 WL 2300740, at * 3 (N.D. Cal. Aug. 2, 2007)).

## II. DISCUSSION

In filing the joint letter, Plaintiffs seek the further opportunity to depose corporate witness Juan Carlos Rivera, and an order directing counsel to refrain from asserting improper objections and instructions not to answer during future depositions.

### A. Instruction not to answer regarding deponent's prior termination

During the deposition, Plaintiffs asked Mr. Rivera about his termination from a previous job at Selojix:

> **Q.** Okay. And why is it that you left your job at Selojix?
> **A.** I was terminated.
> **Q.** And why is that you were terminated?
> **A.** We had an issue where drivers – so we – we went through a move and some of the documentation for the drivers' random drug testing was misplaced; couldn't find it.
> **Q.** Okay. So was one of your roles at Sealojix to maintain documentation of drug testing for the drivers?
> **A.** Yes.
> **Q.** And how is it that this came about? Was there an audit? Was – was someone in an accident? How is it that the issue came to the surface where it resulted in your termination? What – what was the context?
> **MS. BEILKE:** So I'm going to assert a privacy objection and instruct the witness not to answer. You're not entitled to this information. He's already testified about his background and the reason he was terminated. This – his prior employment in 2008 is not at issue in this case.
> **Q.** You can answer the question unless Counsel's going to stand by her instruction not to answer.
> **MS. BEILKE:** Yeah. I asserted that instruction not to answer.
> **MR. EMMA:** Okay. So Ms. Reporter, could you please mark that portion of the transcript? Thank you.

(Joint Letter at 1 (citing Rivera Depo. at 27:2-28:5).) Plaintiffs contend that Mr. Rivera's privacy rights are not jeopardized, because the parties entered into a protective order that would permit his testimony to be designated confidential. (Joint Letter at 2.) The Court disagrees. Generally, "[t]he privacy right protects personnel information, including an employee's confidential human resources file and records relating to discipline or demotions, but not the facts of employment itself. *Lee v. Pep Boys-Manny Moe & Jack of California*, 2015 WL 9268118, at *4 (N.D. Cal. Dec. 21, 2015)(citing *Foster v. ScentAir Techs., Inc.*, 2014 WL 4063160, at *2 (N.D. Cal. Aug. 15,

2014). Here, Mr. Rivera verified his former employment, and testified that he was terminated for misplacing drug testing records. He is not a party to this case, nor is he even a putative class member, so additional information would be subject to protection under California law.

Plaintiffs argue that even if the information is private, Mr. Rivera's prior termination is relevant, because Mr. Rivera is the Transportation Manager at The Chefs' Warehouse and is responsible for meal and rest break compliance, and he has already admitted to violating Defendants' meal and rest period policy, such that the previous conduct shows a pattern of conduct. (Joint Letter at 2.) The Court disagrees. As Defendants point out, Mr. Rivera is not a party to this action, so his past employment is not relevant. (Joint Letter at 3.) Moreover, Plaintiffs have already obtained testimony that Mr. Rivera was terminated for mishandling paperwork, so they already have the information they would need to potentially show a pattern of conduct. Plaintiffs' argument that they are seeking leave to amend to allege negligent hiring is similarly unavailing, because even if the operative complaint were already amended, this would not necessarily open the door to Mr. Rivera's personnel file from his prior employment. Rather, they would potentially obtain part or all of the files from his employment at The Chef's Warehouse.

Accordingly, defense counsel properly instructed the deponent not to answer.

**B.    Instruction not to answer question regarding deponent's phone number.**

At the deposition, Plaintiffs asked Mr. Rivera the following line of questions:

> **Q.** What number is it that you have that's your company's phone number?
> **A.** 415-913-9823.
> **Q.** 9823?
> **A.** Yes.
> **Q.** What's that number?
> **MS. BEILKE:** I'm going to object based on privacy. Instruct you not to answer.
> **MR. EMMA:** Could you mark that please? Thank you.

(Joint Letter at 3 (citing Rivera Depo. at 64:18-65:3).) While initially unclear from the questioning whose phone number the deponent was providing, Plaintiffs explain that Mr. Rivera was using his personal cell phone to call and manage class members via their personal cell phones. (Joint Letter at 4.) The Court agrees that this renders the deponent's cell phone number relevant,

4

because Plaintiffs are entitled to match phone numbers on phone records to determine the extent of the personal cell phone use. Thus, Defendant's privacy objection is overruled, and Mr. Rivera's phone number is protected by the stipulated protective order currently in effect. Notwithstanding, Mr. Rivera answered the question and provided his phone number, so, unless he misstated his phone number, Plaintiffs were not harmed. Defendant is ordered to confirm Mr. Rivera's cell phone number and provide it to Plaintiffs in lieu of requiring Mr. Rivera to undergo further deposition.

### C. Instruction not to answer on harassment grounds

At the deposition, Plaintiffs asked Mr. Rivera the following questions regarding his interactions with drivers:

> **Q.** Have you ever had a driver say, "This is too many stops for me to finish – I – I would appreciate some more time or a less packed schedule –
> **MS. BEILKE:** Objection.
> **MR. EMMA:** -- of deliveries"?
> **MS. BEILKE:** Outside the scope of the designation. Asked and answered.
> **THE WITNESS:** I'm thinking back. When drivers come in and they have an issue with a manifest, they write does their issues, whether it's this stop should be before this stop. That's the extent of it.
> **Q.** Are you sure?
> **MS. BEILKE:** Objection. Harassing the witness. You don't have to answer that question. Instructing you not to answer.

(Joint Letter at 4 (citing Rivera Depo. at 206:18-207:8).) Plaintiffs argue that "outside the scope of designation," "asked and answered," and "harassing the witness" are not a valid basis to instruct a deponent not to answer. (Joint Letter at 4.) The Court agrees. "[O]bjections that questions had been asked and answered, exceeded the scope of the deposition, lacked relevance, assumed facts, and misstated [a deponent's] prior testimony are improper grounds for instructing" a witness not to answer. *Doe v. City of San Diego*, 2013 WL 6577065, at *5 (S.D. Cal. Dec. 13, 2013) (citations omitted).

Notwithstanding, the Court notes that the first two objections are not at issue, because the deponent answered the questions subject to the objections raised. The Court does find, however, that the instruction not to answer to confirm the accuracy of the response was improper, but that Plaintiffs were not harmed by this erroneous instruction, because the question was answered.

5

Accordingly, the Court will not compel Mr. Rivera's further testimony on this line of questioning.

### III. CONCLUSION

For the reasons set forth above, defense counsel properly instructed Mr. Rivera not to answer further questions pertaining to his termination of prior employment, and improperly instructed him not to answer in the second and third lines of questioning. Notwithstanding, the Court finds that Plaintiffs were not harmed by the two errant instructions, so long as the phone number Mr. Rivera provided was accurate. Defendant shall confirm the cell phone number Mr. Rivera used for work and furnish Plaintiffs with the correct number within 7 days of this order. Accordingly, the Court DENIES Plaintiffs' request to compel further deposition testimony from Mr. Rivera.

Additionally, in light of the prior proceedings in this case, the Court is confident that Defense counsel will refrain from asserting improper objections and instructions not to answer going forward, and that both parties will generally comply with the Northern District's Guidelines for Professional Conduct.

IT IS SO ORDERED.

Dated: October 10, 2017

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge