UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE CHEFS' WAREHOUSE, et al.,<br><br>Defendants. | Case No. 3:15-cv-05421-RS (KAW)<br><br>**ORDER REGARDING 10/23/17 JOINT LETTER RE: REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. No. 139 & 140 |

On October 23, 2017, the parties filed a joint letter concerning Plaintiffs' first set of requests for production of documents. (Joint Letter, Dkt. No. 139.) Specifically, the letter pertains to Request Nos. 45, 46, 55, and 55 to the extent that they seek email communications pertaining to meal and rest periods and overtime claims. *Id.* On August 16, 2017, Plaintiffs deposed Defendants' 30(b)(6) witness, Carlos Rivera, who testified that emails discussing overtime and meal and rest breaks existed. (Joint Letter at 1.) Now, Plaintiffs seek to compel responsive emails. *Id.* at 2.

The Court notes that the parties previously filed a joint letter regarding this same discovery device on January 3, 2017, but these requests were not at issue when that letter was filed. (Joint Letter at 3.) As a result, Defendants argue that Plaintiffs waived their right to bring this joint letter. *Id.* While it appears that emails were discussed generally in November 2016, Mr. Rivera's deposition was taken in August 2017, where the emails were discussed in more detail. As such, nothing precludes Plaintiffs from seeking emails regarding topics covered in the deposition. Moreover, the Court notes that electronically-stored information ("ESI") may warrant phased discovery.

During the meet and confer process, Plaintiffs agreed to certain search terms—including

1  "meal," "meals," "lunch," "lunches," "rest," and "break"—and to limit the search to or from
2  Defendants' California employees and emails to or from Defendants' employees who are
3  responsible for wage and hour compliance in California even if they are not physically located in
4  California. *Id.* Defendants have agreed to produce responsive emails on the condition that the
5  parties agree upon a list of custodians and a list of "reasonable/manageable search terms." (Joint
6  Letter at 4.) Defendants ask that the search terms be limited to emails that also contain the term
7  "driver" and at least one of the following: "policy," "procedure," or "practice." *Id.* While the use
8  of the term "driver" is likely reasonable, the inclusion of one of the other three terms is
9  unreasonably restrictive, particularly given that Defendants have not attempted to perform any
10 searches using Plaintiffs' terms, such that the undersigned is unable to assess how difficult a
11 search would be to perform based on Plaintiffs' proposed parameters.

12 Even so, Defendants' proposal of identifying custodians is reasonable and necessary to
13 comport with Rule 26's proportionality requirement. (*See* Joint Letter at 4.) The undersigned
14 suspects that identifying and agreeing upon custodians, including Mr. Rivera, and then utilizing
15 Boolean searches—including truncated terms such as "meal" and "lunch"— would result in
16 identifying those ESI documents most likely to be relevant to the pending litigation. *Swanson v.
17 ALZA Corp.*, No. 12-cv-04579-PJH-KAW, 2013 WL 5538908, at \*4 (N.D. Cal. Oct. 7, 2013)
18 (citing *POM Wonderful LLC v. The Coca-Cola Co.,* 2009 WL 7047720, at \*1 (C.D. Cal. Nov. 10,
19 2009)).

20 Accordingly, the parties are ordered to meet and confer regarding how to best conduct the
21 discovery of electronically-stored information, and are directed to the Northern District's
22 Guidelines for the Discovery of Electronically Stored Information. To the extent that the parties
23 require technical expertise, they are directed to Guideline 2.05, and should consider involving "E-
24 Discovery Liaisons" to assist with formulating a proper search.

25 ///
26 ///
27 ///
28 ///

In the event that the parties' meet and confer efforts fail to fully resolve this dispute, they shall file a joint letter not to exceed five pages, which shall include their respective ESI discovery proposals and the relevant legal authority.

IT IS SO ORDERED.

Dated: November 13, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge