1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7 SHAON ROBINSON,

Plaintiff,

v.

THE CHEFS' WAREHOUSE,

Defendant.

Case No. 3:15-cv-05421-RS (KAW)

**ORDER TO SHOW CAUSE REGARDING DISCOVERY**

Re: Dkt. Nos. 147-149

On November 27, 2017, Defendants file a motion for protective order and an ex parte application to shorten time to hear the motion for protective order. (Dkt. No. 147 & 148). On November 28, 2017, Plaintiffs filed an opposition to the ex parte application. (Dkt. No. 149.) In sum, on November 17, 2017, Plaintiffs issued a subpoena to take the deposition of a nonparty, which was noticed for November 29, 2017. Plaintiffs did not meet and confer with Defendants prior to sending the formal notice. Defendants are unavailable on November 29, 2017 and asked Plaintiffs to withdraw the subpoena so that the parties may meet and confer in good faith. Plaintiffs are willing to reschedule, but are not willing to withdraw the subpoena.

Civil Local Rule 30-1 requires that, "before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel. . . ." Civil L.R. 30-1. Moreover, the Northern District Guidelines for Professional Conduct provide that "[a] lawyer should make reasonable efforts to schedule meetings, hearings, and discovery by agreement whenever possible and should consider the scheduling interests of opposing counsel, the parties, witnesses, and the court. Misunderstandings should be avoided by sending formal notice after agreement is reached." (Northern District Guidelines § 3(a).) Here, the nonparty deponent is an employee of the Ritz Carlton Hotel, which

is one of Defendants' customers, and is, therefore, likely affiliated with Defendants. Even if the deponent is not considered affiliated, the Guidelines require meeting and conferring prior to sending the formal notice. Thus, Plaintiffs failed to comply with both the Civil Local Rules and the Northern District Guidelines regarding scheduling and noticing the deposition, despite the undersigned's repeated prior instruction that the parties follow the Guidelines. (*See* Dkt. No. 118 at 2-3; Dkt. No. 137 at 6.) Now, Plaintiffs appear to be holding the notice over Defendants' heads for the purposes of gamesmanship, which the parties have also been advised violates the Guidelines. (*See* Dkt. No. 73 at 3.)

That said, Defendants are not without fault, as they filed the motion for protective order and the ex parte application without meaningfully meeting and conferring. (Dkt. No. 149 at 5.) When Plaintiffs advised Defendants that they agreed to reschedule the deposition via email— albeit while refusing to withdraw the subpoena— and that the Court would require them to meet and confer regarding scheduling should a motion for protective order be filed, Defendants went ahead and filed the motion and ex parte application anyway without so much as a phone call. (*See* Dkt. No. 149 at 5; Decl. of Cody Stroman, Dkt. No. 149-1, Ex. A at 1.) Indeed, the undersigned's Standing Order requires that "[p]rior to filing any discovery-related motion, lead trial counsel for all parties shall meet and confer **in person or telephonically**, if an in-person conference is not feasible, regarding the discovery dispute(s) in an effort to resolve these matter(s)." (Judge Westmore's General Standing Order ¶ 12 (emphasis in original).) Moreover, the Guidelines require that a lawyer notify opposing counsel when a scheduled deposition must be rescheduled and provide alternate dates when possible. (Northern District Guidelines § 3(e).) Here, Plaintiffs asked for Defendants' availability between now and December 13, 2017, but Defendants have yet to provide alternate dates, rendering applicable, the old adage that "two wrongs do not make a right."

Notwithstanding, the Court sees no reason why this dispute cannot be resolved without court intervention, nor does the Court understand why the deposition is time sensitive given that the class certification motion is being heard on December 14, 2017. Accordingly, the Court issues an ORDER TO SHOW CAUSE why sanctions should not be issued against both parties in the

2

amount of $500 for abuse of the discovery process and waste of judicial resources.  The parties are ordered to meet and confer regarding the noticed deposition and the motion for protective order either telephonically or in person (not via email; and if in person, at a location selected by Plaintiffs, pursuant to the undersigned's General Standing Order ¶ 12), and shall file a joint response to the order to show cause by **Friday, December 1, 2017.**  Should the parties resolve the dispute informally before the deadline, thereby rendering Defendants' motions moot, they shall file a notice informing the undersigned of same, and the order to show cause will be discharged.

IT IS SO ORDERED.

Dated: November 28, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

3