UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON,<br><br>  Plaintiff,<br><br>v.<br><br>THE CHEFS' WAREHOUSE,<br><br>  Defendant. | Case No. 3:15-cv-05421-RS (KAW)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE APPLICATION TO SHORTEN TIME; ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 147, 150, 151 |

On November 27, 2017, Defendants filed a motion for protective order and motion to quash the deposition subpoena of non-party Stephanie Suto, who works for the Ritz-Carlton Hotel, which is one of Defendants' customers. (Dkt. No. 148.) Defendants concurrently filed an ex parte application for an order shorting time to hear the motion. (Defs.' Appl., Dkt. No. 147.) The ex parte application sought an order shorting time to hear the motion and a stay of the subpoena pending the disposition of the motion. (*See* Defs.' Appl. at 2.) On November 28, 2017, Plaintiffs filed an opposition to the ex parte application. (Dkt. No. 149.)

Given the contentious nature of discovery in this case, the undersigned was concerned that the parties were engaging in gamesmanship by trying to fit in a non-party deposition prior to the hearing on the motion for class certification—currently scheduled for December 14, 2017— and issued an order to show cause on November 28, 2017 to explain why sanctions should not be issued against both parties in the amount of $500 for abuse of the discovery process and waste of judicial resources. (Dkt. No. 150 at 2-3.)

On December 1, 2017, the parties filed a joint letter in response to the order to show cause and provided a status report on their meet and confer efforts concerning the pending motion for protective order. (Joint Letter, Dkt. No. 151.) Therein, Defendants explained that they proposed

that the deposition be continued until "after the ruling on class certification and after there is an operative amended complaint that includes claims on Sean Clark's individual behalf." (Joint Letter at 2.) Plaintiffs, in refusing the proposal, contend that the deposition is urgent, because Ms. Suto works at the Ritz-Carlton in Half Moon Bay, and they do not know how long she will continue to work there or reside in California, and that her memory will not improve with time. (Joint Letter at 9-10.) Plaintiffs believe that Ms. Suto possesses personal knowledge pertaining to Plaintiffs' wage and hour claims, because "Defendants' customers are in a unique position to observe delivery drivers and corroborate Plaintiffs' allegations — including, among other things, if they are making deliveries on time, how long it takes to complete deliveries, and whether or not drivers appear to be "rushed" in completing deliveries." (Joint Letter at 12.) Plaintiffs also informed the Court that Ms. Suto is married to one of Defendants' employees, which makes allegations regarding Mr. Clark dubious. (Joint Letter at 11.) Even assuming that this fact is true, Plaintiffs have provided no basis to believe that Ms. Suto will pick up and move out of the state prior to her deposition being taken.

Based on the arguments in the joint letter, it appears that Plaintiffs may have adequate justification to take Ms. Suto's deposition. The Court, however, is also sympathetic to Defendants' concern that permitting the deposition of one of its customers to go forward could be a slippery slope. (*See* Joint Letter at 5.) If Ms. Suto is married to one of Defendants' employees, however, her deposition may be atypical, but Plaintiffs are reminded that any communications she had with her spouse may be privileged. Furthermore, in the absence of the wrongful termination claim, Plaintiffs may be precluded from asking questions regarding Mr. Clark's termination. Therefore, the undersigned encourages the parties to do their best to resolve this dispute without further court intervention.

Additionally, the Court is not convinced that the deposition is so time sensitive that it must occur prior to hearing on the motion for class certification or even before the end of the year. The Court, therefore, GRANTS IN PART AND DENIES IN PART the ex parte application. Specifically, the undersigned denies the request to shorten time, but grants the request to stay the deposition pending the disposition of the motion for protective order. Defendants shall re-notice

the motion hearing for January 18, 2018, which is the earliest available hearing date. The current briefing schedule shall be adjusted as follows: Plaintiffs' opposition is due on or before December 15, 2017, and Defendants shall file their reply, if any, on or before December 22, 2017.

Lastly, the Court DISCHARGES the order to show cause.

IT IS SO ORDERED.

Dated: December 11, 2017

KANDIS A. WESTMORE
United States Magistrate Judge