Michele J. Beilke (SBN 194098)
mbeilke@HuntonAK.com
Julia Y. Trankiem (SBN 228666)
jtrankiem@ HuntonAK.com
Sonya D. Goodwin  (SBN 281005)
sgoodwin@ HuntonAK.com
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone (213) 532-2000
Facsimile (213) 532-2020

Attorneys for Defendant
THE CHEFS' WAREHOUSE WEST COAST, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON, SEAN CLARK, SAUL PRADO, and JAMES ROBERTS on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CHEFS' WAREHOUSE WEST COAST, LLC, a California limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  3:15-cv-05421<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, EIGHTH, AND FIFTEENTH CAUSES OF ACTION AGAINST SAUL PRADO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. Proc. 56]<br><br>[*Filed concurrently with Compendium of Evidence; and [Proposed] Judgment and Order*]<br><br>Date:  June 27, 2019<br>Time: 1:30 p.m.<br>Loc.: Courtroom 3, Floor 17<br><br>Complaint Filed:	October 26, 2015<br>Removed:	November 25, 2015 |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on June 27, 2019 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Richard Seeborg in Courtroom 3, 17th Floor of the above-titled Court located at 450 Golden Gate Ave., San Francisco, California, Defendant The Chefs' Warehouse West Coast, LLC's ("CW") will move, and hereby does move, pursuant to Federal Rule of Civil Procedure 56, for an order granting partial summary judgment in its favor against Plaintiff Saul Prado ("Prado") on the First, Second, Third, Fourth, Fifth Sixth, Eighth, and Fifteenth Causes of Action set forth in Plaintiffs Shaon Robinson ("Robinson"), Sean Clark ("Clark"), Prado, and James Roberts' ("Roberts") (collectively, "Plaintiffs") Fifth Amended Class Action and Individual Complaint ("Complaint").

CW's motion is made on the grounds that there is no genuine issue as to any material fact, and CW is entitled to partial summary judgment as a matter of law with respect to the following claims for relief: (1) Part of Plaintiffs' First Cause of Action for failure to compensate for all hours worked; (2) Part of Plaintiffs' Second Cause of Action for failure to pay overtime wages; (3) Part of Plaintiffs' Third Cause of Action for failure to provide meal and rest periods; (4) Part of Plaintiffs' Fourth Cause of Action for failure to maintain accurate records; (5) Part of Plaintiffs' Fifth Cause of Action for failure to furnish wage and hour statements, (6) Part of Plaintiffs' Sixth Cause of Action for failure to pay final wages on time; (7) Part of Plaintiffs' Eighth Cause of Action for failure to pay minimum wage; and (8) Part of Plaintiffs' Fifteenth Cause of Action for unfair business practices. More specifically, there is no genuine issue as to any material fact, and CW is entitled to judgment as a matter of law with respect to *Prado's* First, Second, Third, Fourth, Fifth Sixth, Eighth, and Fifteenth Causes of Action for failure to compensate for all hours worked, failure to pay overtime wages, failure to provide meal and rest periods, failure to maintain accurate records, failure to furnish wage and hour statements, failure to pay final wages on time, failure to pay minimum wage, and unfair business practices, respectively.

In the alternative, if any reason partial summary judgment cannot be had, for an Order adjudicating the following issues in this action are established without substantial controversy as against Prado, that no further proof thereof shall be required at the trial of this action, and that final judgment on this action shall, in addition to any matters determined at trial, be based upon the issues as so established:

**Issue One:** Prado's Third Cause of Action for failure to provide meal periods fails as a matter of

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

law because California's meal and rest period laws, as they pertain to drivers, are preempted by the Federal Motor Carrier Safety Act of 1984, and its Regulations ("MCSA"), 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Two:** Prado's Third Cause of Action for failure to provide rest periods fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Three:** To the extent that Prado's First Cause of Action for failure to compensate for all hours worked is derivate of Prado's meal period claim, Prado's First Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Four:** To the extent that Prado's First Cause of Action for failure to compensate for all hours worked is derivate of Prado's rest period claim, Prado's First Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Five:** To the extent that Prado's Second Cause of Action for failure to pay overtime wages is derivate of Prado's meal period claim, Prado's Second Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Six:** To the extent that Prado's Second Cause of Action for failure to pay overtime wages is derivate of Prado's rest period claim, Prado's Second Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Seven:** To the extent that Prado's Fourth Cause of Action for failure to maintain accurate records is derivate of Prado's meal period claim, Prado's Fourth Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Eight:** To the extent that Prado's Fourth Cause of Action for failure to maintain accurate records is derivate of Prado's rest period claim, Prado's Fourth Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49

U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Nine:** To the extent that Prado's Fifth Cause of Action for failure to furnish wage and hour statements is derivate of Prado's meal period claim, Prado's Fifth Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Ten:** To the extent that Prado's Fifth Cause of Action for failure to furnish wage and hour statements is derivate of Prado's rest period claim, Prado's Fifth Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Eleven:** To the extent that Prado's Sixth Cause of Action for failure to pay final wages is derivate of Prado's meal period claim, Prado's Sixth Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Twelve:** To the extent that Prado's Sixth Cause of Action for failure to pay final wages is derivate of Prado's rest period claim, Prado's Sixth Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Thirteen:** To the extent that Prado's Eighth Cause of Action for failure to pay minimum wage is derivate of Prado's meal period claim, Prado's Eighth Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Fourteen:** To the extent that Prado's Eighth Cause of Action for failure to pay minimum wage is derivate of Prado's rest period claim, Prado's Eighth Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

**Issue Fifteen:** To the extent that Prado's Fifteenth Cause of Action for unfair business practices is derivate of Prado's meal period claim, Prado's Fifteenth Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. §

31141, 49 C.F.R. 395.3.

**Issue Sixteen:** To the extent that Prado's Fifteenth Cause of Action for unfair business practices is derivate of Prado's rest period claim, Prado's Fifteenth Cause of Action fails as a matter of law because California's meal and rest period laws, as they pertain to drivers, are preempted by the MCSA, 49 U.S.C. § 31141, 49 C.F.R. 395.3.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Patricia Lecouras and Michele J. Beilke, the accompanying exhibits and deposition transcripts submitted in support of the motion and all pleadings and papers on file in this action, including and such other evidence and arguments as may be presented at hearing on this matter.

Dated: May 23, 2019                         HUNTON ANDREWS KURTH LLP

By: */s/ Michele J. Beilke*
Michele J. Beilke
Attorneys for Defendant
THE CHEFS' WAREHOUSE WEST COAST, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should grant partial summary judgment in favor of Defendant The Chefs' Warehouse West Coast, LLC's ("CW") as to Plaintiff Saul Prado's ("Prado") meal and rest period claim as well as all of the derivate claims because California's meal and rest period laws, as they pertain to drivers, are preempted by the Federal Motor Carrier Safety Act of 1984, and its Regulations ("MCSA"), 49 U.S.C. § 31141, 49 C.F.R. 395.3. Specifically, in December 2018, the Federal Motor Carrier Safety Administration ("FMCSA") issued a final order stating that the federal regulations governing the hours of service of drivers of commercial motor vehicles ("HOS") preempts California's meal and rest break laws and these laws may not be applied to drivers subject to the HOS regulations. The FMCSA's preemption determination, which was issued pursuant to express Congressional authority, is ***binding*** on all tribunals unless altered or reversed by a federal court of appeal.

It is undisputable that Prado is subject to the HOS regulations and, therefore, his meal and rest break claim is preempted. Thus, Prado's meal and rest break claim, and all of the derivative claims, fail as a matter of law. As such, CW is entitled to a partial summary judgment against Prado on his meal and rest break claim as well as all of his derivate claims.

## II. STATEMENT OF FACTS

### A. CW's Business Operations.

CW is a premier distributor of specialty food products focused on serving the specific needs of chefs who own and/or operate menu-driven independent restaurants, fine dining establishments, country clubs, hotels, caterers, culinary schools, bakeries, patisseries, chocolatiers, cruise lines, casinos and specialty food stores. Lecouras Decl. ¶ 3. CW is part of the Chefs' Warehouse family of companies that includes, by way of example, The Chefs Warehouse Mid-Atlantic, LLC and The Chefs' Warehouse of Florida, LLC, as well as Dairyland USA Corporation. Id. ¶ 4. The Chefs' Warehouse family of companies does business throughout the United States, and has locations in New York City, Washington D.C., San Francisco, Los Angeles, Las Vegas, Portland and Miami. Id.

In California ("CA"), CW has two facilities, one in Northern California, currently located in Union City, and one in Southern California, located in City of Industry. Id. ¶ 5. At its facilities, CW

employs delivery drivers who are tasked with driving trucks to transport products to and from different locations. Id. ¶ 5.

### B. CW's Products Come From All Over The World.

CW distributes products from all over the world, including, but not limited to, specialty imports such as truffles and chocolates, oils, vinegars, dairy products, baking products, beverages, and various meats. Ruizzo Decl. ¶ 4. Many of the products enter California through sea ports, highways, and air. Id. While some product is delivered to CW warehouses through third-party vendors, other product is transported directly from the supplier by CW's freight trucks. Id. In California, shipping containers that arrive through seaport are taken directly to CW's warehouses and unloaded at the warehouse for distribution to CW customers. Id.

How long product stays in CW's warehouses depends on the product. Id. ¶ 5. Non-stock items ("NSI") are products that are specifically requested by the customer. Id. The expectation for NSI, and what is often done in practice, is that these items will be distributed by CW to the customer with the next truck that delivers to that customer. Id. Additionally, there are stock items that are frequently ordered items that CW receives in bulk and maintains at the warehouse and distributes to customers as needed. Id. NSI and stock items come from all over the world. Id. Generally, every delivery truck (and thus, every driver) in California delivers NSI items that originate from outside of California to CW customers inside California. Id.

### C. Prado's Employment.

Prado was employed by CW as a driver at its Southern California facility. Lecouras Decl. ¶ 6. In delivering food products to customers throughout Southern California, Prado generally operated a truck weighing between 26,000 and 30,000 pounds and requiring a Class A license. Prado Dep. 31:20-25; 33:8-11; 38:23-39:8. Prado delivered NSI and stock items that came to the Los Angeles facility from outside the state of California. Ruizzo Decl. ¶¶ 4, 5.

Prado was responsible for making up to 20 deliveries per day, which took up to twelve hours per day. Prado Dep. 40:6-14; 76:23-25; 77:1-9. As a driver with a Class A license, Prado admits that he was governed by the U.S. Department of Transportation ("DOT") regulations, including regulations governing the HOS. Prado Dep. 89:17-90:4; 90:1-91:4.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## III. LEGAL ARGUMENT

### A. Standard on Summary Judgment

"The court shall grant partial summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" on any claim or part of any claim. Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), but "it need not disprove the other party's case" (*Stremcha v. Allscripts, Inc.*, 2017 WL 10574371, at *5 (C.D. Cal. Nov. 8, 2017)). "When the non-moving party bears the burden of proving the claim . . . the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case." *Id.* (citing *Musick v. Burke*, 913 F. 2d 1390, 1394 (9th Cir. 1990)); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F. 3d 1099, 1106 (9th Cir. 2000).

"Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial." *Stremcha*, 2017 WL 10574371 at *5. An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F. 3d 1218, 1225 (9th Cir. 1999). "While the party opposing summary judgment is entitled to the benefit of all reasonable inferences, 'inferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party.'" *Mil-Spec Monkey, Inc. v. Activision Blizzard, Inc.*, 74 F. Supp. 3d 1134, 1139 (N.D. Cal. 2014) (citing *Am. Int'l Grp., Inc. v. Am. Int'l Bank*, 926 F. 2d 829, 833 (9th Cir. 1991)). "[A] mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F. 3d. 1150, 1152 (9th Cir. 1997). "[A] party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F. 2d 1235, 1238 (9th Cir. 1982).

### B. Prado's State-Law Meal And Rest Period Claim Fails Because It Is Expressly Preempted By Federal Law.

The Third Cause of Action in the Complaint alleges that CW failed to provide Plaintiffs and all class

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

members with meal and real periods in violation of California Labor Code sections 226.7 and 512 and sections 11 and 12 of the applicable IWC Wage Order. Complaint, ¶¶ 66-86. Prado's meal and rest period claim under California law fails because it is expressly preempted by federal law.

### a. The FMCSA

The FMCSA is an agency of the U.S. Department of Transportation ("DOT") that is statutorily charged with furthering safety in motor carrier transportation. 49 U.S.C. § 113(b). In that role, the FMCSA assesses and determines whether its regulations preempt state laws and regulations "on commercial motor vehicle safety." *See* 49 C.F.R. § 1.87(f); 49 U.S.C. § 31141.

The FMCSA is authorized to rule that state laws which are additional to—or more stringent than— federal safety regulations are preempted if: (1) the state laws provide no safety benefit, (2) the state laws are incompatible with FMCSA safety regulations, or (3) the enforcement of the state laws would cause an unreasonable burden on interstate commerce. *See* 49 U.S.C. § 31141(c)(4); 83 Fed. Reg. 67470-71.

### b. The FMCSA's Order Preempting California Meal and Rest Break Laws For Drivers.

On December 28, 2018, the FMCSA published an Order concluding that federal HOS regulations governing drivers – *i.e.*, 49 C.F.R. §§ 395.1 to 395.13 – preempted California's meal and rest break rules as applied to property-carrying commercial motor vehicle drivers. *See* 83 Fed. Reg. 67470 (Dec. 28, 2018).

The FMSCA specifically analyzed Labor Code sections 226.7 and 512 as well as Wage Order sections 11 and 12, in relation to the relevant federal regulations. *See* 82 Fed. Reg. 67470. The agency concluded that the California meal and rest break rules were related to commercial motor vehicle safety, and that they were more stringent than the federal regulations. The FMSCA also found that California's more stringent rules: (1) had no safety benefit; (2) were incompatible with the FMCSA regulations; or (3) would cause an unreasonable burden on interstate commerce. 49 U.S.C. § 31141(c)(4). Any one of these elements would compel preemption, and the FMCSA concluded that California's rules failed each one. *See* 83 Fed. Reg. 67470, 67474-80. As a result,

the FMCSA determined that California's meal and rest break rules are preempted by the federal rules, and could no longer be enforced. *See* 83 Fed. Reg. at 67480.

    **c. The Federal Regulations Apply to Prado Because He Transported Products From Outside California Using A Commercial Motor Vehicle.**

The federal HOS regulations apply to all "drivers." 49 C.F.R. § 395.1(a)(1). A "driver" is "any person who operates any commercial motor vehicle." 49 C.F.R. § 390.5. A "commercial motor vehicle" is a motor vehicle "used on a highway in interstate commerce to transport passengers or property when the vehicle ... [h]as a gross vehicle weight ... of 5,536 kg (10,001 pounds) or more...." *Id.* In sum, the federal HOS regulations apply to persons who are (1) drivers of vehicles weighing 10,001 or more pounds; (2) in interstate commerce. *Sweet v. United Parcel Serv., Inc.*, 2010 WL 11507624, at *4 (C.D. Cal. 2010). The federal HOS regulations applied to Prado, because both elements are establish in this case.

<u>First</u>, there is no dispute that Prado was a driver of a vehicle weighing more than 10,000 pounds. Here, Prado has admitted that he drove a truck weighing between 26,000 and 30,000 pounds. Prado Dep. 31:20-22; 33:8-11.

<u>Second</u>, there is no dispute that Prado drove in interstate commerce. Among other things, "interstate commerce" means transportation "[b]etween two places in a State as part of trade, traffic, or transportation originating or terminating outside the State or the United States." 49 C.F.R. § 390.5. This is the definition applicable here. Prado drove in interstate commerce because products that Prado delivered came from outside the state of California. Ruizzo Decl. ¶¶ 4, 5. Prado delivered these out-of-state products to customers within California, including NSI that were delivered to customers in the next delivery to the customer. Ruizzo Decl. ¶ 5. As such, Prado drove in interstate commerce. *See Antemate v. Estenson Logistics, LLC*, 2017 WL 5159613, at *6, fn. 8 (C.D. Cal. 2017) (holding that employees drove in interstate commerce where they picked up items from a California warehouse and delivered them to customers in California, because the items had come from out-of-state); *Marlo v. United Parcel Serv., Inc.*, 2009 WL 10669255, at *11 (C.D. Cal. 2009).

Accordingly, the federal HOS regulations apply to Prado.

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### d. Prado's State Law Claims Are Preempted, And Must Be Dismissed.

Pursuant to the FMCSA's Order, Prado's state law claim for meal and rest period violations is preempted by the applicable federal HOS regulations. Because the California meal and rest period laws are inapplicable here, Prado's Third Cause of Action must be dismissed. *See Ayala v. U.S Xpress Enterprises, Inc.*, 2019 WL 1986760, at *3 (C.D. Cal. 2019).

*Ayala v. U.S. Xpress* is directly on-point. In *Ayala*, the plaintiffs were drivers that had filed a wage and hour class action that alleged, among other things, meal and rest period claims. *Id.* at *1. The employer moved for summary adjudication based upon the FMSCA's Order stating that California law claims were preempted by the federal regulations. *Id.* The Court held that it was "precluded from ruling on Plaintiff's California Labor Code §§ 226.7 and 512 claims" because the FMCSA order "specifically bars enforcement of the relevant provisions of the California Labor Code as applied to property-carrying commercial vehicle drivers." *Id.* at *3. Hence, the Court granted the employer's motion for summary adjudication because there was "no justiciable dispute of material fact as to Plaintiff's first cause of action under California Labor Code §§ 226.7 and 512." *Id.*[1]

The same is true here. The FMCSA's Order prohibits the enforcement of California's meal and rest period laws with respect to Prado. As such, there is no justiciable issue of material fact as to Prado's Third Cause of Action, and it must be dismissed.

### C. **Prado's Derivate Claims Fail.**

Prado's First, Second, Fourth, Fifth, Sixth, Eighth, and Fifteenth Causes of Action for failure to compensate for all hours worked, failure to pay overtime, failure to furnish wage statements, failure to pay final wages, and failure to pay minimum wage are all entirely derivative of his meal and rest period claim. As Prado explained:

---

[1] *See Oryszak v. Sullivan*, 576 F.3d 522, 527 (D.C. Cir. 2009) (*concurring opinion*) ("That the court may in its discretion address a threshold question before establishing that it has jurisdiction does not render the question jurisdictional nor, significantly, does it mean the court must address that question at the outset of the case. Because justiciability is not jurisdictional, a court need not necessarily resolve it before addressing the merits. A court may, for example, dismiss a case for failure to state a claim while reserving the question whether that sort of claim presents a nonjusticiable political question. A court might thereby avoid a constitutional ruling regarding separation of powers and resolve the case upon a solely statutory basis.")

> Q: Okay. So other than the 30 minutes that you took from lunch – that you claim you did not get paid for for the lunch, **did the company pay you for all the other time that you worked**?.
>
> A: **Yes**?

Prado Dep. 84:3-7 (emphasis added). Sections VI.B.2, VI.B.3, and VI.B.5 of Plaintiffs' Renewed Motion for Class Certification confirms the same. Renewed Motion for Class Cert., 22:11-23:5 ("If an employee worked through a break and the employer knew or reasonably should have known that the employee worked through his break, the employer is liable for straight time pay to that employee."), 23:6-13 (describing inaccurate items on wage statement as "[d]erivative [v]iolations" of the claims for failing to "pay drivers for all hours worked" and "break premium pay"), 24:11-16 ("As this claim is derivative of other claims, a finding of predominance as to the Meal and Rest Break Subclass and/or any of the other Classes or Subclasses likewise supports certification of the corresponding derivative UCL claim."). Because Prado's First, Second, Fourth, Sixth, Eighth, and Fifteenth Causes of Action are entirely dependent on the underlying Third Cause of Action for failure to provide meal and rest periods, which fails, so too do his derivative claims.

## IV.     CONCLUSION

For the foregoing reasons, CW respectfully requests that this Court grant its Motion as to Prado's First, Second, Third, Fourth, Fifth Sixth, Eighth, and Fifteenth Causes of Action.

Dated: May 23, 2019                                HUNTON ANDREWS KURTH LLP

                                                   By: */s/ Michele J. Beilke*
                                                   Michele J. Beilke
                                                   Attorneys for Defendant
                                                   THE CHEFS' WAREHOUSE WEST COAST, LLC