UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAON ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CHEFS' WAREHOUSE, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-05421-RS<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTIONS FOR SUMMARY JUDGMENT AND DENYING MOTION FOR CLASS CERTIFICATION** |

## I. INTRODUCTION

This putative class action was originally filed by Shaon Robinson, who sought to represent a class of delivery drivers employed by defendant The Chefs' Warehouse West Coast, LLC. ("CW"). Sean Clark subsequently joined as a named plaintiff. Thereafter, a motion for class certification brought by Robinson and Clark was denied because, among other reasons, they both had signed declarations in a prior action stating they understood CW's policies regarding meal and rest breaks, accurate timekeeping, and reporting any violations of those policies. They also had expressly admitted that they were always provided with, and took, their meal and rest breaks, that their supervisor insisted they take their meal breaks, that their time sheets were always accurate, that they were always paid for all hours worked, and that they never worked off the clock. Although theoretically Robinson and Clark might have been able to offer explanations as to why those declarations did not foreclose their claims in this action, the declarations at a minimum

presented CW a potentially compelling basis to defend. As such, neither Robinson nor Clark were similarly-situated to putative class members who did not sign declarations in the prior action, requiring denial of the motion to certify.

The new named plaintiffs are Saul Prado and James Roberts. CW seeks summary judgment against both Prado and Roberts, based on separate motions and arguments.[1] Plaintiffs, in turn, seek class certification. As explained below, CW's motion for partial summary judgment against Prado will be granted, but the motion against Roberts will be denied, as will plaintiffs' motion for class certification.

## II. BACKGROUND

CW describes itself as a "premier distributor of specialty food products" catering to chefs in restaurants, hotels, culinary schools, bakeries, and other food establishments. CW has two California facilities, one in Northern CA, currently located in Union City, and one in Southern CA, located in City of Industry. CW employs delivery drivers operating from each facility. CW asserts that except during training, drivers typically drive by themselves with very little management oversight, and they generally spend no less than 90-95% of their work day on the road.

It is undisputed CW has a written meal and rest break policy that complies with the law. The complaint is premised instead on the theory that, in actual practice, drivers are put under such time pressures to complete their deliveries within certain windows that they are effectively precluded, or at least strongly discouraged, from taking meal and rest breaks. CW denies that its drivers cannot or do not take the requisite breaks. It explains that while it provides its drivers with meal and rest breaks in compliance with California law, "the timing of breaks varies from day-to-day and employee-to-employee depending on the delivery routes, daily activities (i.e. traffic,

---

[1] Generally the court does not permit multiple motions for summary judgment. While judicial efficiency warrants an exception in this instance, that does not mean it ordinarily is appropriate to divide up summary judgment motions among issues or parties without advance leave of court.

problems with the truck, etc.) and most of all, individual preferences." CW also asserts the practices in Southern California and Northern California for ensuring compliance with the meal and rest break policy differ in certain respects.

As noted in prior orders, this is not the first time CW has been sued for an alleged failure to provide meal and rest breaks. In 2012, an action filed in Los Angeles County Superior Court entitled *Gustavo Chicas v. The Chefs' Warehouse West Coast, LLC* ("the *Chicas* matter") advanced the same categories of wage and hour claims as alleged here, except for failure to reimburse business expenses. Named plaintiffs Robinson and Clark were members of the *Chicas* class, and the declarations they signed in that action precluded them from serving as named plaintiffs as to the claims advanced here. The class representative plaintiffs now proposed in this action are James Roberts, a former driver in Northern California and Saul Prado, a southern California diver.

## II. DISCUSSION

### A. James Roberts summary judgment

CW seeks partial summary judgment against Roberts on the First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Fifteenth claims for relief in the operative fifth amended complaint. Those are all the claims asserted by Roberts except the Seventh claim for relief—"Failure to Reimburse Expenses," which apparently relates to cell phone usage, and which CW does not seek to adjudicate at this time.

CW correctly observes that all of the claims on which it seeks summary judgment rise or fall with the question of whether Roberts can show any violations of his rights to meal and rest breaks.[2] The motion for partial summary judgment is premised on Roberts' inability to identify at

---

[2] *I.e.,* the first claim for relief asserts failure to compensate for all hours worked; the second claim alleges failure to pay overtime wages; the fifth claim complains of a failure to furnish wage and hour statements; the sixth claim alleges a violation of the obligation to pay final wages, and the eighth claim advances a claim for failure to pay minimum wage. The fifteenth claim asserts unfair business practices. All these counts turn on the alleged underlying rest and meal period violations.

deposition specific meal or rest breaks he missed. There is no dispute that CW's official policies, of which Roberts was aware, afford timely meal and rest breaks to non-exempt employees, require them to record their time accurately, explicitly prohibit off-the-clock work, and provide for disciplinary action against employees who work off-the-clock or record their time inaccurately. Roberts admits that he received timely meal and rest periods throughout his employment, and the manifests CW provided to Roberts with his daily schedule reserved time for him to take them. There is also no dispute that Roberts signed and submitted 79 separate timesheets to CW wherein he specifically attested he took the meal and rest periods authorized under California law. According to Roberts' deposition testimony he even finished his route early "easily four times a week," which CW argues confirms he had the opportunity to take meal and rest breaks throughout his workday.

In light of this, CW insists Roberts' claims stand or fall based on his ability to recall specific dates when CW purportedly failed to provide him with breaks. *See, e.g., Amiri v. Cox Commc'ns Cal., LLC*, 272 F. Supp. 3d 1187, 1197 (C.D. Cal. 2017) ("When [an employer's] off-the-clock policy disavows such work, as consistent with state law, the employees clocking out creates a presumption they are doing no work."); *Manigo v. Time Warner Cable, Inc.*, 2017 WL 5054368, at *4-5 (C.D. Cal. Oct. 17, 2017) (holding testimony that employees "generally missed meal breaks" was insufficient to create a triable issue of material fact because they "failed to identify a single instance in which they were deprived of the opportunity to take a meal break and did not receive a penalty payment.").

CW argues Roberts' deposition testimony makes clear that he cannot meet his burden.

> Q: Right. So is it -- so when I asked you: Okay, on which days in the -- in the various workweeks did you not take or did you take a rest break, and you told me you couldn't recall?
>
> A: Right.
>
> Q: . . . As you sit here today, you can't tell me based on your recollection which day you received a 30-minute break and which

> day you didn't receive a 30-minute break, correct?
>
> A: Correct. May I ask a question?
>
> Q: No.
>
> A: Oh.
>
> Q: I ask the questions[.]
>
> A: Oh, I was just -- I was just wondering what you had for lunch two and a half years ago. Today state (sic, today's date) two and a half years ago.

CW's insistence that to survive summary judgment Roberts was required to identify from memory specific dates on which he allegedly missed meal and/or rest breaks is not tenable. Roberts points to timesheets appearing to show instances in which he worked sufficient hours to be entitled to a second lunch break, but did not take one. Even though such records may not *prove* any violations, the records and Robert's testimony that he was forced to miss breaks, and his estimates as to how often that happened, create a triable issue of fact.

While the evidence to which CW points may be offered to impeach Roberts and to undermine his credibility, it is not sufficient to warrant entry of judgment in CW's favor as a matter of law. CW's overreach is manifest in its argument that Robert's managers never told him to falsify timesheets. As support, CW quotes Roberts' deposition:

> Q: And so back to my question, did anyone at Chef's Warehouse tell you to falsify your time records?
>
> A: If you're asking me did they specifically say: James, falsify your time records, no.
>
> But if you're asking me was I told: Just put something in there so we can turn these time sheets in, yes.

From this, CW would have the court conclude as a matter of law that "Roberts' managers

CASE NO. 15-cv-05421-RS

5

simply told him to complete and submit his timesheets" and "never told Roberts to falsify them." A trier of fact, however, could conclude that an instruction to "just put something in there" was tantamount to directing Roberts to submit false time sheets, and it certainly could support an inference that the timesheets are not completely reliable. CW is not entitled to summary judgment against Roberts.

B. <u>Saul Prado summary judgment</u>

CW seeks partial summary judgment as to plaintiff Saul Prado's meal and rest period claims, and the claims that derive therefrom, on the grounds that California's meal and rest period laws are preempted by the Federal Motor Carrier Safety Act of 1984, and its Regulations ("MCSA"), 49 U.S.C. § 31141, 49 C.F.R. 395.3, with respect to drivers in Prado's circumstances. Specifically, in December 2018, the Federal Motor Carrier Safety Administration ("FMCSA") issued a final order stating that the federal regulations governing the hours of service of drivers of commercial motor vehicles ("HOS") preempts California's meal and rest break laws and these laws may not be applied to drivers subject to the HOS regulations.

When CW filed its motion asserting this defense, plaintiffs' initial response rested largely on the procedural objection that the matter had not been pleaded as an affirmative defense. After motion practice, CW was permitted to amend its answer to assert the defense, and plaintiffs were given the opportunity to submit further briefing to address the merits of the preemption argument. While plaintiffs' opposition on the merits makes some efforts to argue that Prado's claims are not preempted, the primary thrust of their contentions is that the possible applicability of preemption to the claims of *other* class members cannot be adjudicated at this juncture. Thus, plaintiffs argue, even assuming summary judgment is granted against Prado, "the certification order would include all drivers except Mr. Prado."

That the claims of putative class members are not subject to the pending motion for summary judgment against Prado is not controversial. Prior to certification, rulings do not bind anyone other than the named plaintiffs and defendants. What plaintiffs appear not to recognize,

CASE NO. 15-cv-05421-RS

6

however, is that if the claims against Prado are dismissed, that is fatal to class certification of those claims, unless Roberts can serve as an adequate representative of Southern California class members as well as those in Northern California.[3]

Plaintiffs also do not seem to appreciate fully that in arguing that preemption may only apply "as to some drivers for some periods of time," they undercut the propriety of class certification. While the presence of individualized defenses does not automatically preclude class treatment, it is certainly relevant. *See Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) ("The certification of a class is questionable where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or to a subclass.")

As to Prado, CW has shown that his rest and meal period claims are preempted. On December 28, 2018, the FMCSA, an agency of the United States Department of Transportation, published an Order concluding that the California meal and rest break rules contained in California Labor Code §§ 226.7 and 512, as applied to property-carrying commercial vehicle drivers, are preempted by the FMCSA's hours of service regulations. *See* California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption ("Order"), 83 Fed. Reg. 67470, 67470 (Dec. 28, 2018). The order was promulgated under 49 U.S.C. § 31141. *See id*. Under Section 31141, the Secretary of Transportation is authorized to make a determination that state laws meeting certain criteria are preempted and may not be enforced. 49 U.S.C. § 31141. The Secretary of Transportation's authority to issue such determinations has been delegated to the FMCSA Administrator. See 49 C.F.R. § 1.87(f) (2016). Under Section 31141 judicial review of a DOT preemption determination may only be heard by a circuit court. See 49 U.S.C. § 31141(f).

---

[3] The prior order denying certification noted that "the Southern California and Northern California facilities might require separate treatment" in any renewed certification motion. While plaintiffs have proffered separate class representatives in response to that observation, no definitive finding has been made that separate classes are required.

Case No. 15-cv-05421-RS

7

In *Ayala v. U.S Xpress Enterprises, Inc.*, 2019 WL 1986760, at *3 (C.D. Cal. May 2, 2019), the court applied the Order to enter partial summary judgment on claims like those made here, finding both that "retroactivity" was not at issue because the courts lack authority to enforce the preempted laws, and that any challenge to the Order must be brought in United States courts of appeal. Although *Ayala* is not binding authority, its conclusions appear sound and fully applicable here.

Plaintiffs suggest Prado's claims may not be preempted *if* he qualified as a "short haul" driver, and that CW has failed to establish as a factual matter he was not a such a driver at any relevant point in time. Plaintiffs have not shown, however, that the Order excludes short haul drivers, even assuming there otherwise were a factual question as to Prado's status during any particular period.

Finally, plaintiffs argue preemption would not preclude Prado from pursuing equitable or contract claims based on the same alleged failures to provide meal and rest breaks. Plaintiffs have not explained, however, why permitting recovery on any such theories would not impermissibly render the preemption a nullity. Accordingly, the motion will be granted.

### C. Class certification

Federal Rule of Civil Procedure 23 allows for the certification of a class when: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Where these prerequisites are satisfied, a class action may be maintained if, "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," Fed. R. Civ. P. 23(b)(3), or "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis," that the requirements of Rules 23(a) and (b) have been satisfied. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (citations and internal quotation marks omitted).

The prior motion for class certification focused primarily on whether the then-named plaintiffs and their counsel could adequately represent the class. While the question regarding counsel was mooted by withdrawal of the attorney as to whom questions had been raised, the motion was denied based on the fact that the named plaintiffs had signed declarations in the *Chicas* matter arguably undermining their claims here. In light of that conclusion, it was neither necessary nor appropriate to make a definitive finding at that juncture whether it would otherwise be appropriate for the claims to be litigated on a class-wide basis. The order observed, however, that the decision in *Ludosky McCowen v. Trimac Transportation Services (Western), Inc.*, 14-cv-02694, provided support for the notion that class certification could be warranted for these claims.

As the case has subsequently unfolded, however, class certification does *not* appear appropriate, for a number of interrelated reasons. First, as noted above, Prado's claims are preempted, which both eliminates him as a viable class representative and supports an inference that the claims of many of the other putative class members may also be preempted. That, in turn, implicates both commonality and numerosity.

Indeed, CW has shown there are now only seventeen Southern California drivers and five Northern California drivers who have not either: (1) released their claims by signing individual settlement agreements; (2) waived their right to participate in a class action by signing an arbitration agreement with a class waiver; (3) stated in declarations in the *Chicas* matter that CW provided them with meal/rest periods and pay for all hours worked; or (4) stated in declarations in this action that CW provided them with meal/rest breaks and paid them for all hours worked. Additionally twelve of the seventeen remaining Southern California drivers have either Class A or Class B commercial licenses, implying they operate vehicles weighing over 10,000 pounds, and would be subject to the FMSCA's Order, thereby preempting their claims. Thus, while signing

declarations in the *Chicas* matter would not automatically preclude a class member from recovering in this action, it appears there may be as few as five drivers in Northern California and five in Southern California who do not face one or more hurdles or complete bars to recovery. Although plaintiffs question the enforceability of the class action waivers, litigating that issue likely will also require individual inquiries.

Finally, while CW's opposition to class certification arguably goes too far in attempting to defeat the *merits* of plaintiffs' claims, plaintiffs appear to have, at best, individualized and anecdotal evidence that drivers did not always get their rest and meal breaks, despite clear company policy to the contrary, and the implementation of a number of procedures designed to ensure compliance. The discussion above regarding the summary judgment motion against Roberts demonstrates the nature of the evidence. While Roberts raises triable issues of fact as to his individual claims, plaintiffs have not explained how they would prove their claims on a class-wide basis given the state of the record.

## IV.  CONCLUSION

The motion for partial summary judgment against plaintiff Roberts and the motion for class certification are denied. The motion for partial summary judgment against plaintiff Prado is granted. A further case management conference will be held on October 10, 2019, with a joint case management conference statement to be filed one week in advance.

**IT IS SO ORDERED**.

Dated: September 10, 2019

_____
RICHARD SEEBORG
United States District Judge